## STATE v. HAYES.

1. JURY.—It is not error for trial Judge to decline to ask juror on *voir dire* if it would require evidence to remove his opinion as to the case, especially where every latitude was permitted counsel in the examination.

2. IBID.—DISCRETION.—That a juror is not free from opinion as to the guilt of a defendant based on rumors, and that it would require evidence of innocence to remove that opinion, is not a showing of abuse of discretion in trial Judge in not standing him aside, where defendant had not exhausted his peremptory challenges and juror said he would be governed by the evidence.

3. NEW TRIAL.—Statute does not make it duty of trial Judge to grant a new trial, but only gives him power to do so. And that power not being here denied, and there being evidence to sustain the verdict, it matters not whether in his mind, on the whole case, there was reasonable doubt of the guilt of the accused, as the weight and sufficiency of evidence is for the jury, and they must pass on question of reasonable doubt.

Before DANTZLER, J., Oconee, November, 1903. Affirmed.

Indictment against Hoyt Hayes for murder. From sentence on verdict of guilty, defendant appeals.

*Messrs. Jaynes & Shelor, Stribling & Herndon* and *J. P. Carey,* for appellant.

*Messrs. Jaynes & Shelor* cite: *Formation of opinion is cause for exclusion:* 17 Ency., 1140, 1143, 1144, 1138, 1130; 54 S. C., 151; Code, 1902, 2944; Thomp. and Mer. on Jur., 215-220. *Judicial discretion must be regulated on legal grounds:* 47 S. C., 498; 18 S. C., 315. *It is a right of defendant to have jury fully interrogated as to basis of his opinion:* 31 S. C., 257; 26 S. C., 201; 25 S. C., 171; 65 S. C., 243; 54 S. C., 150; 34 S. C., 33; 16 S. C., 460.

*Mr. E. L. Herndon* cites: *Was it error in Judge, on*

*motion for new trial, to refuse to review the evidence?* Code, 1902, 2734; 21 S. C., 558; 32 S. C., 252; 14 S. C., 428; 16 S. C., 116; 14 Ency. P. & P., 841; 107 N. C., 798. *Rules as to circumstantial evidence:* 66 S. C., 397; 49 S. C., 285.

*Mr. Jas. P. Carey* cites: *Opinion based on rumors disqualifies juror:* 2 Am. D., 122; 36 Am. D., 515; 53 Am. D., 94; 79 Am. D., 307; 1 A. St. R., 501; 17 Ency., 1152. *Defendant is entitled to examine into his competency:* 17 Ency., 1189; 25 S. C., 171; 34 S. C., 33; 65 S. C., 242. *Power to review the testimony·carries duty to do so:* 14 Ency. P. & P., 841; 19 S. C., 582; 59 S. C., 270.

*Solicitor Julius E. Boggs,* contra, cites: *Defendant not having exhausted his challenges, cannot complain of action of trial Judge in examination of jurors:* 5 S. C., 431; 10 Rich., 356; 14 S. C., 411; 11 S. C., 319; 16 S. C., 453. *Juror swearing that he will be governed by evidence is impartial:* 20 S. C., 446; 8 S. C., 239; 17 Hun., 410. *Decision of Circuit Judge on question of fact on qualification of juror is final:* 36 S. C., 507; 25 S. C., 171; 26 S. C., 198; 31 S. C., 257; 32 S. C., 45; 34 S. C., 33. *Refusal of new trial on question of fact not disturbed here:* 36 S. C., 507; 11 S. C., 195; 15 S. C., 407; 24 S. C., 593.

June 23, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted in the Court of General Sessions for Oconee County of the murder of his wife, and appeals to this Court, alleging error of the Circuit Judge in the conduct of the examination of jurors on their *voir dire* and in passing on their impartiality, and in refusing a motion for a new trial.

Under the first six exceptions, two errors are charged: First, that the presiding Judge erroneously ruled, "that jurors could not be asked, when sworn on *voir dire,* whether it would require testimony to remove the opinion formed or

expressed by them, they having declared that they had formed or expressed an opinion;" and second, that the jurors, Phillips and Brown, should have been excluded on account of the opinions expressed by them.

As to the first point, the record discloses that the presiding Judge, while indicating that he did not quite approve of the question, yet in one of the two instances when it was suggested by the defendant's counsel, did ask the juror if it would require testimony to remove the opinion he had formed, and in the other instance permitted the counsel to fully interrogate the juror without restriction as to the form of the questions. We are unable to discern that counsel were denied opportunity to ask any question of jurors they saw fit. Therefore, even if it were error of law for a presiding Judge to refuse to ask a juror if it would require evidence to remove an opinion entertained by him as to the guilt of the accused, the facts in this case furnish no foundation upon which the legal proposition could be applied. But refusal to ask the question would not be error of law. "The presiding Judge must determine on the character of the questions proposed and when the examination shall cease." *State* v. *Coleman,* 8 S. C., 239; *State* v. *Coleman,* 20 S. C., 441.

It is insisted, that the jurors, P. K. Phillips and P. A. Brown, should have been rejected, as a result of their examination. Phillips was asked by the Court if it would require testimony to remove the opinion he said he had formed, and answered, "Well, sir, testimony of his not being guilty would remove it." The juror had before said his opinion was based on rumors, and it would not influence him in forming a true verdict according to the law and the evidence. Brown stated he had an opinion founded on rumors, but was conscious of no bias which would prevent him from rendering a true verdict according to the law and the evidence; that he had heard part of the evidence at the former trial, and had talked to a number of persons about

the case, but would be governed by the evidence offered at the pending trial.

The law does not require that a juror should be perfectly free from all impressions and opinions as to the issue. Whether these jurors were indifferent in the cause, was for the determination of the Circuit Judge. The opinion of the Court in *State* v. *Williamson,* 65 S. C., 242, 43 S. E., 671, is decisive of all questions here made as to the impartiality of the jury. But aside from this, the defendant did not exhaust his peremptory challenges, and, therefore, is not in a position to avail himself of error in overruling challenges for cause. *State* v. *McQuaige,* 5 S. C., 429; *State* v. *Anderson,* 26 S. C., 599, 2 S. E., 699.

The seventh, eighth and ninth exceptions charge in substance that the presiding Judge, in considering the motion for a new trial, erred: (1) "in refusing to review the testimony and see whether it conformed to the rules in cases of circumstantial evidence;" (2) "in not weighing the testimony as required by these rules, and in holding that if there was any testimony the verdict of the jury should be sustained, whether such testimony satisfied his own mind or not;" and (3) "in ruling on the motion for a new trial that the consideration of the testimony was for the jury, and there being testimony to sustain the verdict, he should not set it aside; that it was not for the Court to say whether there remained a reasonable doubt of the guilt of the accused."

In deciding the motion for a new trial, "the presiding Judge ruled that the consideration of the testimony was for the jury, and there being testimony to sustain the verdict, he could not set it aside; that the weight and sufficiency of the testimony was for the jury, and it was not for the Court to say whether there remained a reasonable doubt of the guilt of the accused."

It is too clear for discussion that a defendant is not, as a matter of law, entitled to a new trial because the evidence does not convince the presiding Judge of his guilt beyond

a reasonable doubt. The jury, not the Judge, try the facts and are to be convinced beyond a reasonable doubt. The statute does not make it the duty of the Circuit Judge to grant new trials, but only gives him the power to do so. The motion is addressed to his judicial discretion, and it has been often stated by this Court that this discretion cannot be disturbed. The position taken by appellant in *State* v. *Haines,* 36 S. C., 504, 15 S. E., 555, is almost precisely the same as that taken here. In that case the Court said: "It is settled by several decisions of this Court that on appeal from the refusal of a Circuit Judge to grant a new trial on questions of fact, no relief can be afforded here. *State* v. *Cardozo,* 11 S. C., 195; *State* v. *Clark,* 15 S. C., 407; *State* v. *Tarrant,* 24 S. C., 593. In the last case cited, Chief Justice McIver said: 'If the motion was based upon matters of fact only, this Court has no jurisdiction to review his judgment.' " It need hardly be said that the Circuit Judge, in saying, "he could not set it [the verdict] aside," manifestly did not mean that he did not have the power to do so in his discretion, but only that, in the exercise of his discretion, he could not see his way clear to do so.

The judgment of the Circuit Court refusing a new trial cannot, in this case, be reversed on the ground that there was no testimony to support the verdict. The wife of the defendant was found dead in bed, with a large part of her face and head shot off. A note, purporting to be written by her, discovered in a book, indicated an intention to commit suicide. On the night of the tragedy, only the defendant and his wife were in the house. The defendant's account was that while temporarily absent at the lot near daylight, he heard the report of the gun in the house. A gun with the load discharged and a fire poker were lying on the bed near the dead body. One of the main questions to which the evidence was directed was, whether the note was written by the wife or forged by the husband. Upon this issue the genuine writings of both were submitted to the test of expert testimony on behalf of defendant, and to actual examination

by the jury. The prosecution submitted to the jury that from the position of the body and of the gun, and from the direction of the shot, it was impossible that Mrs. Hayes fired the gun. A careful examination of the record leads to the conclusion that the testimony on these and other questions presented most grave and important issues of fact, which the law contemplates should be settled by a jury, and in the decision of them was necessarily involved the conviction or acquittal of the defendant.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed.