9110

*IN RE* ESTATE OF BELLE PERCIVAL, OTHERWISE KNOWN
AS ANNE LOUISE PURCELL (PURCIL).

(85 S. E. 247.)

APPEAL AND ERROR. IDENTIFICATION OF INTESTATE. EXHUMATION OF
CORPSE.

1. APPEAL AND ERROR.—An order directing the exhumation of a corpse, for the purpose of identifying the person, whose corpse it was alleged to be, is appealable.

2. DISCOVERY—EXHUMING OF DEAD BODIES—ORDERS.—Where the facts raised a presumption that the relation between one of the petitioners for the exhuming of the body of deceased and deceased was that of parent and child, and the petitioners asked for the exhuming of the body to enable them, by means of identification marks thereon, to

show heirship, and thereby defeat proceedings to escheat the estate of deceased, the Court properly ordered that the body of deceased should be exhumed.

Before Sease, J., Charleston, April, 1915.    Affirmed.

On December 12, 1914, the Board of Commissioners of the Sinking Fund of the State of South · Carolina commenced proceedings, under Civil Code 1912, secs. 4076 to 4098, to escheat the property left by Belle Percival, otherwise known as Anne Louise Purcell (Purcil), late of Charleston, S. C., who died November 29, 1914, intestate, and it was alleged without heirs.    A petition by way of traverse of the notification was filed by Bridget Purcell, James Purcell, Nora Bush, Mary Markle and others on 24th of February, 1915, alleging they are the heirs at law of Anne Purcell, who was the daughter of Bridget.    An answer to this traverse, denying these allegations, was filed by the commissioners of the sinking fund on March 15, 1915.    On April 10, 1915, a petition by way of traverse of the notification was filed by Patrick Purcell, alleging that he is the first cousin and heir at law of Anne Louise Purcell, also known as Anne Louise Purcil.    On April 13, 1915, on application of Bridget Purcell, and against the opposition of the commissioners of the sinking fund, and of Patrick Purcell, after hearing affidavits, *pro* and *con,* made the following order :

"This is a motion addressed to this Court for the purpose of obtaining an exhumation of the body of the late Belle Percival, sometimes known as Anne L. Purcell, for the purpose of discovering whether or not there are certain distinctive marks on her body, 'to wit, a scar caused by the bite of a dog on one of her legs, and a mole or birthmark on one of her hips.

FOOTNOTE.—As to power of Court to order disinterment of corpse for evidential purposes, see note in 22 L. R. A. (N. S.) 513.

After hearing arguments of counsel representing respectively the petitioners, Bridget Purcell *et al.,* the Board of Commissioners of the Sinking Fund of the State of South Carolina, and the administrators of the deceased, and also F. F. Herndon, Esq., representing Patrick Purcell, it is ordered that the said motion be granted, and that the superintendent of Magnolia Cemetery be authorized and directed to exhume the said body, and deliver the same in the casket in which it is contained, without the same being opened or disturbed, to the custody of J. Henry Stuhr, funeral director, who is hereby ordered to take the said casket containing the body of the deceased, from Magnolia Cemetery to his undertaking rooms, in Wentworth street, Charleston, South Carolina, and there keep and retain the same, until the board of examiners herein appointed shall all be present, and then open the said casket in the presence of the said board of examiners, remove the body therefrom, and permit the same to be examined by the board of examiners herein appointed, and after they shall have stated that their said examination is completed, to replace the said body in the said casket, and then return it to the superintendent of Magnolia Cemetery, at Magnolia Cemetery, and the superintendent of Magnolia Cemetery is hereby authorized and directed to thereupon reinter, the said body in Magnolia Cemetery.

It is further ordered that Drs. Robert Wilson, Edward Rutlegde, Edward H. Sparkman, Jr., and Daniel L. McGuire, are hereby appointed a board of medical examiners to examine said body and ascertain whether they find thereon the distinctive marks set forth in this order, to wit, a scar caused by the bite of a dog on one of the legs, and a mole or birthmark on one of the hips of the said body, and that, having completed said examination, said board of examiners shall report in writing to this Court whether they do or do not find on said body the marks referred to and described in this order.

It is further ordered that the report of the said board of examiners shall be filed with the clerk of this Court.

Let the affidavits and exhibits thereto, both for and against the motion, be filed with the clerk of this Court.

It is further ordered that such examination shall take place at such reasonable time as may be desired by the petitioners or attorneys, after giving four (4) days' previous notice in writing to the attorneys for the Board of Commissioners of the Sinking Fund of the State of South Carolina, the attorneys for the administrators and F. F. Herndon, Esq., representing Patrick Purcell.

It is further ordered that any of the attorneys on the record may be present at the examination should they or he desire to do so, but simply as spectators.

It is further ordered that the costs and expenses of the disinterment by the superintendent of Magnolia Cemetery, and the costs and expenses of J. Henry Stuhr, undertaker, and of the physician representing the Court, and of the physician representing the claimants, Bridget Purcell *et al.*, be paid and advanced by the petitioners, Bridget Purcell *et al.*, and that the costs and expenses of the physician representing the Board of Commissioners of the Sinking Fund of the State of South Carolina and the administrators shall be paid by them, and the costs and expenses of the physician representing Patrick Purcell be paid by him; all of these costs and expenses to be finally taxed against the losing party."

The Board of Commissioners of the Sinking Fund of South Carolina, through R. M. McCown, Secretary of State of the State of South Carolina, as agent of said board and as escheator, appealed from this order upon the following grounds:

First. Because his Honor erred in ordering the exhumation and examination of the body of Anne Louise Purcell, otherwise known as Belle Percival, at the request of Bridget

Purcell and others, against the protest and objection of these appellants, who, until it shall be established by the verdict of a jury, are the trustees and representatives of the true heir at law of the deceased, and that inasmuch as under the decisions of the Courts of this State the disposition, custody and control of the body of the deceased is solely in the heir or heirs at law, his Honor erred in permitting any alleged heir, such as Bridget Purcell and others, to assume control, through the order of the Court, over the body of the deceased until they had, by the verdict of a jury, first established that they were such heirs of the deceased.

Second. That his Honor erred in ordering these appellants, as a condition of their being represented at such exhumation and examination, to pay the costs and expenses of their representative, whereas his Honor, if the order for such exhumation and examination was authorized in law, should have compelled Bridget Purcell and others asking for such examination, to bear the expense thereof, and not to put the burden upon these appellants of contributing to such expense by requiring them to pay for the services of their representative on such board when, under the order of the Court, the board is appointed by the Court and should be compensated by the petitioners asking for such exhumation and examination and finally charged against the losing party in the cause.

Third. Because his Honor erred at this stage of these proceedings before an inquisition of escheat has been found and before advertisement has been had, as required by the statute in proceeding to have any testimony taken in the cause, when, under the statute and procedure thereof, it is contemplated that there shall be no testimony taken and no hearing had until all possible heirs have been summoned by advertisement and had their day in Court.

Patrick Purcell appealed on the following grounds:

1. That his Honor erred in ordering the exhumation of the body of the said Anne Louise Purcell, also known as

Belle Percival, upon the motion of Bridget Purcell *et al.*, the alleged mother and sister and brother and nephews and nieces, and against the protest of Patrick Purcell, the first cousin of the deceased, Anne Louise Purcell, the error being that the said Patrick Purcell is the real first cousin of the said deceased, Anne Louise Purcell, and, therefore, entitled to the custody, disposition and control of the remains of the said Anne Louise Purcell, and the said Bridget Purcell *et al.* are not the mother and sister and brother and nieces and nephews of the said Anne Louise Purcell and have no interest in the remains of the deceased, Anne Louise Purcell.

2. That his Honor erred in ordering the exhumation of the body of the said Anne Louise Purcell, also known as Belle Percival, upon the motion of Bridget Purcell *et al.*, the alleged mother and sister and brother and nieces and nephews of the said Anne Louise Purcell, and against the protest of the said Patrick Purcell, the error being that his Honor thereby recognized the claims of the said Bridget Purcell *et al.*, without having the claims of the said Bridget Purcell *et al.* and the said Patrick Purcell tried before a jury, it being alleged by the said Patrick Purcell that the said Bridget Purcell *et al.* were not the mother and sister and brother and nieces and nephews of the said Anne Louise Purcell, and that the said Patrick Purcell was and is the first cousin of the said Anne Louise Purcell, and as such entitled to the disposition, custody and control of the remains of the said Anne Louise Purcell.

3. That his Honor erred in ordering the exhumation of the body of the said Anne Louise Purcell, also known as Belle Percival, upon the motion of persons who were and are strangers of the said Anne Louise Purcell and against the earnest protest of Patrick Purcell, who is the first cousin of the deceased, Anne Louise Purcell, and the real party entitled to the custody, control and disposition of the remains of the said Anne Louise Purcell, sometimes known as Belle Percival

4. That his Honor erred in ordering the exhumation of the body of the said Anne Louise Purcell, sometimes known as Belle Percival, upon the motion of strangers in blood to the said Anne Louise Purcell, for the purpose of ascertaining if there were certain identifying marks upon the person of the said Anne Louise Purcell, against the protest of Patrick Purcell, the first cousin of the said Anne Louise Purcell, thus giving, if the said identifying marks were found upon the person of the said Anne Louise. Purcell, an unfair advantage over the claims of the real first cousin of the deceased, Anne Louise Purcell.

5. That his Honor erred in having ordered the exhumation of the body of the said Anne Louise Purcell, sometimes known as Belle Percival, upon the motion of strangers in blood to said Anne Louise Purcell, and against the earnest protest of the real first cousin, Patrick Purcell, in requiring the said Patrick Purcell to pay the costs of having a representative at the exhumation and examination against which he had protested and yet at which it was absolutely necessary if such exhumation were made that he should have a representative.

The respondents moved to dismiss the appeal on the following grounds:

1. That it appears on the face of the said order that the same is an interlocutory order, purely administrative in its nature, and dependent in its terms upon the sound discretion of the Circuit Judge.

2. That the said order, in its nature, is an order passed solely for the purpose of obtaining testimony to be used for the purpose of determining certain facts claimed to be involved in the case, and in nowise affects the substantial rights of any of the parties in this action.

3. That there being no property in a dead body, only a right of the family of the deceased to protect it from indignity or insult, and this right being subject to the order of the Court, and the question as to who constitutes the family

in this case being in dispute, and the purpose of said order being to obtain facts which tend to establish the identity of the deceased as a member of the family of certain claimants herein, that the said order does not affect a substantial right, nor does it determine the action or prevent a judgment, nor does it affect the merits of the case.

4. That the order on its face shows that immediate action should be taken in regard to the exhumation, as time will possibly frustrate the very purpose and ends of said order, and it is submitted that the motion for the stay, and the, appeal from said order have been made solely for the purpose of delay, and to prevent the ascertaining of the facts in this case.

5. That the parties appellant in this case have no substantial interests which are affected by the said order appealed from, and the record shows that there is an utter want of appealable interests in the parties appealing in this case, nor is there any duty devolving upon them so to appeal.

*Messrs. Mordecai & Gadsden & Rutledge,* for the Commissioners of the Sinking Fund, appellants, submit: *Graves are to be protected, not disturbed:* 91 S. C. 41; 68 S. C. 490; 23 S. C. 25; 13 Cyc. 271; 152 Ala. 30; 44 So. 598; 22 L. R. A. (N. S.) 513; 34 Am. Rep. 446. *Examination of person:* 60 S. C. 117; 85 S. C. 422.

*Messrs. Barron, McKay, Frierson & Moffatt,* also for Sinking Fund Commission.

*Mr. Frank F. Herndon,* for Patrick Purcell, appellant, cites: 68 S. C. 489.

*Messrs. Ficken & Erckmann, James Allan* and *T. S. McMillan,* for Bridget Purcell *et al.,* respondents, submit: *Order not appealable:* 68 S. C. 492; 6 Rich. Eq. 249; 119 N. Y. 404; 106 N. Y. 272; 2 S. C. 390. *Motion to dismiss*

*appeal proper practice:* 36 S. C. 600; 9 S. C. 153; 34 S. C. 576.   *Escheator has no substantial interest in case:* 33 Mass. 177.

May 20, 1915

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The exigencies of the cause prevents a recital of its history and a full statement of the issues which have been made.   So much of that as shall be necessary may be set out by the reporter.   The appeal is from an order of the Circuit Court which directed the exhumation of a dead body interred in Magnolia Cemetery, at Charleston, in the last months of 1914.   The object of the disinterment is to see if the body sustains certain marks which may certainly identify it as that of one who was the alleged child of Bridget Purcell, of the Dominion of Canada.

All those who have been instructed in and who believe the Bible, believe that the living body is made in the image of God, that it is his temple, and that the "Spirit of God dwelleth in it."   If that be so, then the dead body, even, ought to be, and is, regarded with grave concern. · When it has been put away, "earth to earth," it ought not to be lightly disturbed.   For that reason, an order directing its exhumation ought not to be made except upon the most serious consideration.   And it matters not whether it be the body of one called saint or called sinner, if we dare to pretend to a knowledge of that character.   The serious import of the order, then, makes it one which ought to be, and is in many cases, subject to appeal.   While the dead body ought not to be, and is not, subject to the control and gaze of all or many individuals, it ought to be subject to the examination of her who bore it.   The petitioner here claims to be the mother of her who is dead.   If that be so, then she ought to have the right and privilege to undo the grave and see its inhabitant.   If the testimony makes out her

contention *prima facie,* then we think the petitioner is entitled to the order.

In the instant case the circumstances tending to prove the fact need not be recited. It is sufficient to say they show such a connection betwixt the child who is alleged to have begun life in Canada and the woman who died and was buried in Charleston as to raise the presumption that they are one and the same.

The genuineness of the witnesses who swore has not been challenged by proof, nor has that which they swore to been controverted in like manner.

We are, therefore, of the opinion that the order of the Circuit Court was properly granted, and must be, and is, affirmed.