9233

GRAHAM *ET AL.* v. COLUMBIA RY., GAS & ELECTRIC CO.

(86 S. E. 952.)

NEGLIGENCE. RAILROADS. CROSSING ACCIDENTS. CONTRIBUTORY NEGLIGENCE. JURIES. PRACTICE. APPEAL AND ERROR.

1. APPEAL AND ERROR—HARMLESS ERROR.—IMPANELING OF JURY.—Civ. Code 1912, sec. 4042, relative to impaneling jurors for the trial of civil cases, requires the list of 20 jurors from which the parties are to strike names, to be drawn and selected from the whole number of jurors in attendance. When a case was called for trial enough jurors were not in attendance, and the Court ordered an extra venire drawn, but, when the first juror came in, put his name on the list and ordered the case to trial. It did not appear that defendant had

any objection to such juror, or that it had exhausted its peremptory challenges, and was thereby forced to accept him. *Held,* that while the Court's action was not in accord with either the letter or the spirit of the statute, it did not necessitate a reversal, since irregularities in the impaneling of the jury are not reversible error, unless shown to be harmful.

2. NEGLIGENCE — LIABILITY — CONTRIBUTORY NEGLIGENCE.—Contributory negligence will not defeat a recovery for injuries caused by defendant's recklessness.

3. RAILROADS — CROSSING ACCIDENT — ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE.—Where, in an action against an electric railway company, it appeared that a collision occurred at a crossing of a public road by defendant's track, which was on a considerable grade, such as required the car to be kept under control in approaching the crossing; that the car was being run at a high and dangerous rate of speed and was not under control; that the motorman gave no signal of the car's approach, and was not even looking ahead until too late to prevent the collision; and that if he had been looking ahead he could have seen that plaintiff's driver was turning across the track in time to stop the car, and prevent the injury—the evidence warranted a reasonable inference of recklessness.

4. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.—Though in an action against an electric railway company the motorman's recklessness testified to by plaintiff's witness was denied by the motorman and the other eyewitnesses, this made only a conflict in the testimony, which it was the province of the jury to decide.

Before HON. C. J. RAMAGE, special Judge, Columbia, Fall term, 1914. Affirmed.

Action by J. M. Graham and another, partners, against the Columbia Railway, Gas and Electric Company. From a judgment for plaintiffs, defendant appeals.

*Messrs. Elliott & Herbert,* for appellants, cite: *As to empaneling jury:* 84 S. E. 778. *As to plaintiff's negligence:* 94 S. C. 13.

*Messrs. Lyles & Lyles,* for respondents, cite: *As to empaneling jurors:* Civil Code, sec. 4042; 92 S. C. 236. *Evidence, objection to showing custom of motorman at crossing:* 59 S. C. 243; 60 S. C. 13; 63 S. C. 569; 72 S. C.

421; 73 S. C. 107; 75 S. C. 227; 84 S. E. 422; 97 S. C. 61, 67; 58 S. C. 74; 52 S. C. 323. *Contributory negligence no defense to a wilful tort:* 99 S. C. 277; 100 S. C. 51; 90 S. C. 418; 94 S. C. 143, distinguished.

November 16, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellant urges two grounds for reversal of the judgment below. The first is that there was error in the manner in which the jury was impaneled. When the case was called, defendant objected to going to trial, because only 20 jurors were present, barely enough to complete a list for the striking. Upon the objection being overruled, defendant suggested that the Court ascertain if any of those present were disqualified, and it turned out that one of them was, because he was an employee of defendant. Thereupon, the Court ordered an extra venire to be drawn, and said to the clerk: "The first one you get, subpœna him, and we will have a juror." A juror having come in, his name was put on the list, and the Court ordered the case to trial, over defendant's objection. While this method of procedure was not in accord with either the letter or the spirit of section 4042 of the Civil Code of 1912, which provides the manner of impaneling a jury for the trial of civil causes, and is not to be commended, it cannot avail defendant as ground for reversal of the judgment, because defendant did not make it appear to the trial Court, and has not shown to this Court, that it was prejudiced. The intent of the statute is to give litigants a fair and impartial jury, and to that end, they are allowed to challenge any number of jurors for cause, and, in addition, each side is given the right to reject four peremptorily by striking their names from the list, without assigning cause.

It may be that, in this case, defendant had no objection whatever to the juror whose name was put on the list. It

may have preferred him above all others on the list. The record shows nothing to the contrary. Under such circumstances, the objection is purely technical, and to reverse the judgment upon such a technicality in procedure would be trifling with the administration of justice. If defendant had made it appear to the trial Court, as it could have done, if the fact had been so, that it had exhausted its peremptory challenges in striking from the list the names of others not wanted by it on the panel, and that it was thereby forced by the action of the Court to accept the juror so put upon the list, and that he, too, was objectionable to defendant, a different case would have been made; and, no doubt, if those facts had been made to appear, the trial Court would have delayed the trial until the attendance of a sufficient number of the extra venire could have been had to give defendant the benefit of the element of chance in drawing, such as is contemplated by the statute. In numerous cases, this Court has held that mere irregularities in the impaneling of a jury is not reversible error, unless shown to be harmful. Even in criminal cases, it has been held that where defendant has not exhausted his peremptory challenges, error in overruling objections for cause is not reversible. *State* v. *Hayes,* 69 S. C. 295, 48 S. E. 251. In the Tidwell case, 100 S. C. 248, 84 S. E. 778, which is cited and relied upon by appellant, defendant had exhausted nine out of his ten peremptory challenges, and had to exhaust the tenth on the juror irregularly presented, and was, therefore, obliged to accept the next juror whose name was drawn. He was thereby denied the right to the element of chance which a drawing in the manner prescribed by law would have allowed him.

The second ground is that the Court erred in refusing defendant's motion to direct a verdict, which was based on the ground that there was no evidence of recklessness on the part of defendant; and, that being so, it appeared, as the only inference from the evidence, that plaintiffs' driver was guilty of contributory negligence, which

defeated recovery.  If there was evidence of recklessness on the part of defendant's motorman, the second branch of the motion requires no consideration, for it is too well settled to require citation of authority that contributory negligence will not defeat recovery for a reckless injury.

To show that there was evidence of recklessness, all the testimony need not be recited.  It need only be said that the evidence tended to show that the collision occurred at the crossing of a public road by defendant's track, which was on a considerable grade, such as required the car to be kept under control in approaching the crossing, that defendant's car was being run at a high and dangerous rate of speed, and was not under control, that the motorman gave no signal of the approach of the car to the crossing, and that he was not even looking ahead, until it was too late to prevent the collision, and that, if he had been looking ahead, he could have seen that plaintiffs' driver was turning across the track in time to stop his car and prevent the injury.  Other tendencies of the evidence might be added, but this was enough to warrant a reasonable inference of recklessness.  It should be said, however, that all this was denied by the testimony of defendant's motorman, who was corroborated by other eyewitnesses, but that only made a conflict in the testimony, which it was the province of the jury to decide.

Judgment affirmed.