## 9778

### IN RE PERCIVAL'S ESTATE.

#### (93 S. E. 243.)

1. ESCHEAT—CONSOLIDATION AND TRIAL OF CAUSES TOGETHER.—A proceeding by the sinking fund commissioners to escheat an estate as that of an intestate leaving no heirs is properly consolidated with petitions of various claimants to estate and tried as one case, on the issues raised by claimants' traverses, without submitting the question of escheat or no escheat.

2. JURY—IMPANELING—CHALLENGES.—On trial of proceeding to escheat involving the heirship of two classes of claimants, where the cases are consolidated, the State is entitled to four challenges and each of the two classes, two challenges, under Civ. Code 1912, sec. 4042, regulating impaneling of juries.

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—Where, in proceeding to escheat, the oral declaration of claimant's father was excluded and thereafter his letter containing same declaration was admitted without objection, error, if any, in excluding declaration was harmless.

4. DEPOSITIONS — "CIVIL ACTIONS". — SPECIAL PROCEEDINGS. — Civ. Code 1912, sec. 3985, authorizing the taking of depositions *de bene esse* "in civil actions," applies to civil actions including special proceedings, as distinguished from criminal actions and defined by Code, secs. 1-6.

5. DEPOSITIONS—CIVIL ACTIONS—SPECIAL PROCEEDINGS.—Civ. Code 1912, sec. 3985, authorizing the taking of depositions *de bene esse* in any civil action in Court of Common Pleas, and Civ. Code 1912, sec. 3972, *et seq.*, providing for taking of depositions by commission touching any matter in such Court, are properly construed together and authorize the taking of a deposition *de bene esse* in a proceeding involving escheat and conflicting claims of alleged heirs to intestate's estate.

Before BOWMAN, J., Charleston, January, 1917. Affirmed.

Proceedings in escheat by the State, on the relation of the Board of Commissioners of the Sinking Fund of the State, through R. M. McCown, Secretary of State, as agent of the board and as escheator, against the estate of Belle Percival, otherwise known as Anne Louise Purcell (Purcil), deceased, consolidated with petitions by Bridget Purcell and others, and by Patrick Purcell respectively, claiming by way of traverse to be heirs at law of said decedent. There was a verdict in favor of Bridget Purcell and others, and the Board of Commissioners and Patrick Purcell appeal.

The following order consolidating the cases was made by the Court:

It is ordered that these three cases, entitled as above, being the original escheat proceedings, the traverse filed therein by Bridget Purcell *et al.,* and traverse filed therein by Patrick Purcell, be, and the same hereby are, consolidated, to be tried as one case, and that the consolidated case be continued from this term of Court and be set for trial peremptorily during the first week of the October term of this Court.

It is further ordered that the verdict and judgment thereon in the consolidated case be binding and conclusive

on all persons parties thereto; it not being intended hereby to abridge in any manner the right of any party to appeal.

It is further ordered that all testimony heretofore taken by deposition *de bene esse,* or now being taken, or hereafter taken, under any notice heretofore given for the taking of testimony by deposition *de bene esse,* shall have and be given the same force and effect as if all parties to the consolidated cause had received notice of the taking of the said testimony at the time notice of the taking of the testimony was originally given by the party taking the said testimony; but no party shall be debarred hereby from objecting to any testimony for any reason except as hereinabove provided.

The counsel for the escheator insists that the escheator is entitled to have the issue of "escheat" or "no escheat" submitted to a jury at the present term of the Court, so that. if there is a verdict of *prima facie* escheat, the escheator may advertise as provided by the statute.

In the opinion of the Court, under the decisions of the Supreme Court of this State, notably *In re Estate of Malone,* 21 S. C. 453, and *In re Estate of Percival* (one of the causes at issue here), 101 S. C. 198, 85 S. E. 247, the escheator is not entitled to have the issue of "escheat" or "no escheat" so passed upon, because in this case, after the notification and before the application for the submission of an issue of "escheat" or "no escheat," the traverse of Bridgett Purcell *et al.,* and the traverse of Patrick Purcell were filed and interposed herein, and, therefore, there can be no verdict of escheat, as two claimants have appeared.

It is, therefore, ordered that the motion of the escheator be refused, and that the causes be consolidated as above provided, and set down for hearing as is herein also provided.

*Messrs. Mordecai & Gadsden & Rutledge, Barron, McKay, Frierson & Moffatt,* and *Logan & Grace* and *Buist & Buist,* for appellant. *Messrs. T. Moultrie Mordecai* and

*Douglas McKay,* for appellants, cite: *As to escheat proceedings:* Civil Code, secs. 4080 to 4091.

*Messrs. Buist & Buist,* for appellants, submit: *In a special proceeding to which there are no plaintiffs or defendants, but there are three parties, each hostile to the other two, they should all be treated on an equality in striking the jury:* 21 S. C. 435; Civ. Code, sec. 4042. *Evidence by deposition de bene esse cannot be used in a special proceeding:* Code Civ. Proc., secs. 1 to 6; Civil Code, sec. 3985; 13 Cyc. 833; 4 Enc. Ev. 311; 13 S. C. L. (2 McC.) 238. *Objection made in time:* 13 Cyc. 1012, 1016; 14 S. C. 267. *A statement of a man since deceased made ante litem motam that he had a niece living in Charleston is admissible in evidence as an exception to the hearsay rule:* 37 S. C. 19; Wigmore Ev. 1480 to 1502; 95 S. C. 152. *In a special proceeding to which there are no plaintiffs or defendants but there are three parties each hostile to the other two they should all be treated on an equality in striking the jury.*

*Messrs. Ficken & Erckmann, James Allan* and *Thos. S. McMillan,* for respondent, cite: *As to striking the jury:* 24 Cyc. 257. *As to the admission of depositions taken de bene esse; escheat proceedings a civil action:* 19 Oregon 504; 25 Pac. 142. *Civil actions defined:* 1 Wood 125; 9 Wall. 655; 1 Dillon 184; 101 S. W. 567; 1 Words & Phrases 708; Civil Code, secs. 4121, 4124, 3991, 3985; Code Civ. Proc., sec. 114; 73 S. C. 109; 21 S. C. 453; 4 Wall. 112. *Rule of statutory construction:* 1 Bay 93. *Objection to testimony made too late:* 6 Enc. Pl. & Pr. 587, 588, 590. *Declarations of deceased as to her place of residence:* Wigmore Ev., secs. 416, 1494; 59 Miss. 588; 42 Am. Rep. 381; 27 S. C. 19. *Pedigree rule:* 95 S. C. 156; Wigmore Ev., secs. 1501, 1502, 1486, 1490; 9 Enc. Ev. 739, 740; 16 Cyc. 1228, 1238. *Rulings on relevancy largely discretionary:* 65 S. C. 1; 81 S. C. 57. *Harmless error:* 104 S. C. 129; 30 S. C. 267. *Action not premature:* 21 S. C. 453, 454; 101 S. C. 198, 202.

July 24, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been here once already, on the issue whether the Circuit Court had the right to order an exhumation of a dead body at the instance of the alleged mother, for purpose of identification.    101 S. C. 198, 85 S. E. 247. The instant trial in the Circuit Court followed hard on that exhumation, and it involves the heirship of two classes of persons to the woman named Belle Percival, and who claim the estate she left at her death.    The estate was first brought into controversy by the Board of Commissioners of the Sinking Fund of the State, which commenced proceedings to escheat the estate, upon the idea that the woman left no heirs at law.    Thereupon persons promptly appeared and claimed to be heirs at law.    One class of claimants lives in Canada, and one of that class, Bridget Purcell by name, declares she is the mother of Belle.    The other class of claimants is in the person of one man, Patrick Purcell, who declares he is a collateral kinsman.    The jury found, after a long trial, that Bridget and those in the class with her are the heirs of Belle; and that Patrick was not an heir.

The four issues made by the appeal are all questions of procedure; they do not touch the merits of the controversy. The single issue made by the Sinking Fund Commission arises out of the order made by Judge Edward McIver.

The order was plainly right; it followed the law as declared in the Malone case, 21 S. C. 435; and Judge Bowman in proceeding to try the issue made by the traverse likewise followed the Malone case.    All that has been adjudicated so far is that Bridget and those in the class with her are heirs, and that Patrick is not an heir.    Any other claimant, not a party, is plainly not barred by what has been done.

Patrick makes three issues to be decided. The first relates to the impaneling of the jury, the second relates to the exclusion of testimony, and the third relates to the admissibility of testimony taken *de bene esse.* Section 4042 of the Code of Laws regulates the procedure in impaneling juries. The Court allowed the Sinking Fund Commission to strike four names, and allowed each of the two classes of claimants to strike two names. The order of Judge McIver, before adverted to, directed the cases to be consolidated and "tried as one case." It was a contest, therefore, betwixt the claimants on one side and the Sinking Fund Commission on the other side, and each side was entitled under the statute to have four challenges, and each side got that. The first issue, therefore, which Patrick makes, must go against him.

The second of Patrick's issues is also unsound. Without deciding whether the declaration of Patrick, Sr., was competent, the claimant, Patrick, Jr., got the benefit of the fact the declaration was offered to prove. The claimant, Patrick, Jr., had offered testimony about a certain Anna Louise Purcell who had lived in Toronto, and who the claimant desired to identify with the deceased Belle. Patrick, Jr., the claimant, was the witness. He was asked by his counsel: "Q. Do you know whether she (Anna Louise) was ever in Charleston, S. C.? A. I do. Q. How do you know it? A. My father told me and *wrote me about it.*" (The italics are supplied.)

The Court ruled the answer incompetent because hearsay. But thereafter the Court admitted, without objection, a letter from Patrick, Sr., to Patrick, Jr., which contained the following sentence: "John· sent me $10.00 from Waco, Tex., Hanna $5.00 from Chicago and· brother Tom's girl, Anna L., sent me her usual generous present all the way from Charleston, S. C."

Patrick, Sr., never declared that the Anna Louise he knew about in Charleston was the same Belle Purcell or Percival

who died there; he only declared out of the mouth of Patrick, Jr., and by his letter, that a woman named Anna Louise was once in Charleston. While the declaration to Patrick, Jr., was ruled incompetent, the declaration in the letter, which was the same thing, was admitted in evidence. The appellant has suffered no harm.

The third and last issue relates to the use of testimony *de bene esse* in a trial of the instant sort. The contention of the claimant, Patrick, Jr., is that the Code of Procedure has made a difference betwixt civil actions and special proceedings, and that the instant case is a special proceeding. Sections 1 to 6 of the Code. And further and more particularly that section 3985 of the Code of Laws only permits testimony *de bene esse* to be taken in "civil actions" as technically and accurately defined by the Code of Procedure. We think the appellant has made a too literal and singular construction of section 3985 of the Code of Laws. The lawmakers had in mind civil action and criminal action, as defined by sections 4, 5 and 6 of the Code of Procedure; and the intent of the lawmakers was to limit the taking of the depositions *de bene esse* to civil actions in differentiation from criminal actions. The expressive word in the act is "civil" and not "action."

It is true the Code of Procedure accurately defines an action (section 2), the form of it (section 114), and the manner of commencing it (section 177). And it is true that the instant cause does not fall within those definitions. But when the legislature enacted the statute of 1883, that embodied in section 3985 of the Code of Laws, it was not amending the Code of Procedure; it was not, therefore, legislating about actions; it was legislating about the taking of testimony. The act expressly declares, in the recital part, that:

"*In addition to the methods for taking testimony now provided by law,* the testimony of any witness may be taken in any civil action depending in the *Court of Common Pleas*

* * * by deposition *de bene esse,* where the witness lives without the county in which *such cause* is to be tried," etc. (Italics are supplied.)

The other method referred to by the statute, and to which the instant act was but additional, is the statute which permits the examination of witnesses by commission. Section 3972, *et seq.,* Code of Laws. That statute provides for the examination of witnesses in a "suit pending," "civil cause," "matter or thing depending," and thing "depending." There is no question, therefore, that, had the testimony in the instant case been taken "by commission," it would have been taken within the words of that statute, and would have been admissible. The bar found the method "by commission" to be cumbersome; and the statute of 1883 (Act Dec. 22, 1883 [18 St. at Large, p. 373]), was enacted to add another method of taking testimony and by implication, in "suits," "civil causes," and in "matters and things depending" in the Courts of Common Pleas. It is manifest the legislature joined the two statutes together by the words before quoted and appearing in the recital to the act. The purpose, then, of the act of 1883 was, not to limit the taking of testimony to a particular character of lawsuit, but to enlarge the method of taking testimony, wherever such taking was permissible. Other words in the act of 1883 point to the legislative intent. One of them are "such cause;" the language is not such "civil action." Another expression is "Court of Common Pleas." Had the legislature been using words in a strictly technical sense, there would have been no need to add these words, for civil action implies one depending in the Court of Common Pleas. The thing in mind was the allowance of a new method of taking testimony in all cases in the Court of Common Pleas, and not the limitation of such method to strictly civil actions.

We are of the opinion that there was no error in the Circuit Court in the trial of the traverse, and the order of the Court affirming the verdict is affirmed.