23410

William H. MOORE, as Executor of the Estate of Fannie Lou Moore, Deceased, Appellant v. Arthur S. JENKINS, M.D., Mary Loretta Sullivan Swan, M.D., and Beaufort County Memorial Hospital, Respondents.

(405 S.E. (2d) 833)

Supreme Court

*Samuel L. Svalina* of *Svalina, Richardson & Smith,* Beaufort and *James B. Richardson, Jr.* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*Elliott T. Halio* of *Halio & Halio,* Charleston, *for respondent Arthur S. Jenkins, M.D.*

*M. Dawes Cooke, Jr.,* of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for respondent Mary Loretta Sullivan Swan, M.D.*

*Ladson F. Howell* and *Stephen P. Hughes* both of *Howell, Gibson & Hughes, P.A.,* Beaufort, *for respondent Beaufort County Memorial Hosp.*

Heard March 18, 1991.

Decided May 28, 1991.

TOAL, Justice:

In this medical malpractice action, the trial judge allowed each of three multiple defendants to exercise a full set of peremptory strikes. As a matter of law, we find this procedure to be violative of the jury selection statute, prejudicial, and thus reversible error. Hence, we remand for a new trial.

## FACTS
Fannie Lou Moore died as the result of injuries sustained in an automobile accident. William Moore filed suit on behalf of her estate against several parties responsible for treating Ms. Moore for those injuries, including: the emergency room physician, the radiologist consulted for diagnosis, and the hospital where Ms. Moore was originally taken for treatment. These three defendants were sued jointly and severally for malpractice and negligence in failing to promptly diagnose and transfer Ms. Moore to another hospital for more sophisticated treatment.

At trial, the trial judge empaneled a pool of twenty-eight jurors and allowed each of the four litigants to strike alternately until the plaintiff and each of the three defendants had taken four strikes and the jury had been reduced to twelve members.

## LAW/ANALYSIS
In South Carolina, the empaneling of juries in civil courts is controlled by § 14-7-1050 of the South Carolina Code. The statute provides that the clerk "shall

furnish the parties of their attorneys with a list of *twenty* jurors." § 14-7-1050 S.C. Code. The statute instructs that "from this list, the parties of their attorneys shall alternatively strike, until there are but twelve left." The statute further provides, "in civil cases, any party shall have the right to demand a panel of *twenty* competent and impartial jurors from which to strike a jury." *Ibid.*

We have been asked to apply this statute to a situation involving multiple plaintiffs or multiple defendants only once. *In re Percival's Estate*, 108 S.C. 39, 93 S.E. 243 (1917) involved three parties, the State which instituted a proceeding to escheat an intestate estate and two claimants who filed claims against the estate. In empaneling the jury, the two claimants were required to strike collectively, each claimant being allowed to strike twice while the State was allowed four strikes. *Ibid.* The claimants appealed this allocation of strikes alleging their right to each strike four jurors. *Ibid.* In upholding the allocation, we stated "each side was entitled under the statute to have four challenges, and each side got that." 108 S.C. at 44, 93 S.E. at 245.

In looking to other jurisdictions, we note that the system used in our state to empanel juries is slightly different from the system used in many other states. In many states, the pool of jurors is drawn and a list of those jurors is handed to each party. The parties then prepare a list indicating the jurors they wish to strike. The clerk collects those lists and then begins reading from the whole list of jurors, seating the first twelve jurors who have not been stricken by the parties.

In our system, the parties do not prepare lists of the jurors they wish to strike. Rather, they take turns striking jurors until each side has stricken four jurors and only twelve of the original twenty remain. These twelve are seated as the jury.

In the system used in other states, there is a potential for some overlap in the jurors struck by each party. The same juror could be struck by more than one party, particularly if the parties were on the same side of the lawsuit and thus likely to strike the same type jurors. In our system, there is no overlap and each strike is taken to its full advantage with complete knowledge of which jurors are stricken and which remain.

For this reason we give particular weight to authorities from Georgia, whose method of empaneling juries is most

nearly like ours in that it provides for each side to alternately exercise its strikes. In Georgia, the courts have routinely held that it is error for the judge to allow a larger original jury pool to be drawn and then allow each particular party to strike in turn rather than each side alternately. *New York Life Insurance Company v. Hartford Accident & Indemnity Company*, 181 Ga. 55, 181 S.E. 755 (1935); *Mercer v. Braswell*, 140 Ga. App. 624, 231 S.E. (2d) 431 (1976); and *Sheffield v. Lewis*, 246 Ga. 19, 268 S.E. (2d) 615 (1980).

However, with regard to errors in the empaneling of juries, this Court has previously stated in reviewing such errors that, "irregularities in the empaneling of the jury will not constitute reversible error unless it affirmatively appears that the objecting party was prejudiced thereby." *Graham v. Railway Gas and Electric Company*, 102 S.C. 468, 86 S.E. 952 (1915); *Smith v. Oliver Motor Company*, 174 S.C. 464, 177 S.E. 791 (1935); *Southern Welding Works, Inc. v. K & S Construction Company*, 286 S.C. 158, 332 S.E. (2d) 102 (Ct. App. 1985).

Nonetheless, in this case, we find that the method of empaneling the jury employed by the trial judge was more than a mere irregularity and was prejudicial as a matter of law. Under our system, the empaneling is performed in a side to side fashion. It is each side, not each party, which is entitled to the statutorily provided number of strikes. To allow one side an increased number offends the balance and fairness of that system. Such a practice is highly unfair to the single party side of the lawsuit because the multiple party side is allowed an inordinate influence and is allowed to dominate the jury selection process. As a result, this practice is prejudicial as a matter of law. For these reasons, the judgment of the trial court is REVERSED and the case is REMANDED for a new trial.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.