23979

RECCO TAPE AND LABEL COMPANY, INC., Respondent v. John R.
BARFIELD and John W. Etters, of Whom John R. Barfield is Appellant.
(439 S.E. (2d) 838)

Supreme Court

*Patrick J. Frawley,* of *Bouknight, Nicholson, Davis, Frawley & Anderson,* Lexington, *for appellant.*

*S. Jahue Moore* and *J. Mark Taylor,* of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor,* West Columbia, *for respondent.*

Heard Nov. 2, 1993.

Decided Jan. 10, 1994.

FINNEY, Justice:

Recco Tape and Label Co., Inc. (Recco) commenced this action against John Barfield alleging conversion, breach of fiduciary duty and breach of contract. Barfield filed a cross-complaint adding John Etters as a codefendant. Before closing arguments, the trial court directed a verdict in favor of Etters and dismissed him as a party. The jury returned a verdict of $795,000 actual damages in favor of Recco. Barfield appealed the jury verdict.

## FACTS

The defendant Etters was the sole shareholder, director, and officer of Recco Inc. The appellant Barfield was hired as the corporate bookkeeper and ultimately was promoted to general manager and vice president and appointed to the board of directors. Barfield received an annual base salary plus a bonus of one-third of the ending balance in the business bank account. This salary arrangement was a verbal agree-

ment between Barfield and Etters. Etters confirmed the existence of the bonus agreement. He testified that he never agreed to limit the amount of funds he took out of the company account.

Both Etters and Barfield acknowledged that a considerable amount of corporate assets were used for nonbusiness purposes. At trial, documentary evidence established that Barfield withdrew $794,995.50 from Recco accounts over a period of seven years. Barfield claimed that Etters was aware that he was using corporate funds and told him to take the funds as compensation for the reduction in his bonus. Conversely, Etters claimed that the funds were taken without his knowledge and authority.

## DISCUSSION

Appellant raises two issues on appeal. First, he contends that the trial judge erroneously excluded Etters' personal financial statements and income tax returns. We disagree.

Barfield sought to introduce evidence that Etters underreported his personal income for tax purposes and significantly reduced business liquid assets in the two-year period preceding his divorce. Barfield argued that it was important to introduce Etters' tax returns to go to the question of veracity of other statements made. The trial judge ruled that evidence of Etters' underreporting of income on his tax returns and depletion of corporate assets was not relevant to whether Barfield misappropriated corporate funds.

In order for this Court to reverse the trial court for erroneously excluding evidence, Appellant must show both the error of the ruling and resulting prejudice. *First State Savings and Loan v. Phelps*, 299 S.C. 441, 385 S.E. (2d) 821 (1989). To meet the first part of the two-prong test, Barfield must show that the proffered evidence was relevant. Relevancy of evidence means the logical relation between the proposed evidence and a fact to be established. *Winburn v. Minnesota Mutual Life Ins.*, 261 S.C. 568, 201 S.E. (2d) 372 (1973); *Bonaparte v. Floyd*, 291 S.C. 427, 354 S.E. (2d) 40 (Ct. App. 1987).

The main issue at trial was whether Barfield converted substantial corporate funds to his own use. We agree with the

trial judge that evidence that Etters devalued the corporation and filed erroneous tax returns was not relevant to whether Barfield had authorization to take corporate funds.

If there was any error in excluding Etters' financial statements, it was harmless given that such evidence would have been cumulative to testimony that Etters reduced the corporation's value through the substantial use of business funds for personal expenditures. The trial judge noted that Etters used significant amounts of corporate assets for nonbusiness purposes. Additionally, Etters' accountant testified that Etters told him that it was to his benefit to have Recco valued as low as possible for divorce purposes.

The admission or exclusion of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal. *Carlyle v. Tuomey Hospital*, 305 S.C. 187, 407 S.E. (2d) 630 (1991). In our view, Barfield has not shown that the trial judge abused his discretion. Accordingly, we affirm on this issue.

Appellant next argues that the trial judge erred in denying appellant's motion to require the plaintiff Recco and defendant Etters to share jury strikes and allow appellant the full four strikes. We disagree.

Prior to jury selection, appellant Barfield asked the trial judge to allow him to use the four peremptory strikes while requiring codefendant Etters to share the plaintiff's four strikes. Appellant contends that his interest was adverse to Etters because Recco and Etters shared the identical interest. The trial judge denied appellant's request and required Barfield and Etters to use two strikes each while the plaintiff Recco had four strikes.

Impaneling of a jury is performed in a side to side fashion and it is not each party, which is entitled to the statutorily provided number of strikes. *Moore v. Jenkins*, 304 S.C. 544, 405 S.E. (2d) 833 (1991); *In re Percival's Estate*, 108 S.C. 39, 93 S.E. 243 (1917). Accordingly, we affirm the trial judge's ruling on this issue.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.