24194

Bobby Hollins LAURY, Appellant v. Eugene HAMILTON and David P. Thompson, Respondents. Roderick HOLLINS, by his Gal Bobby LAURY, Appellant v. Eugene HAMILTON and David P. Thompson, Respondents.

(455 S.E. (2d) 173)

Supreme Court

*Thomas M. Neal, III*, Columbia, *for appellant.*

*Robert A. McKenzie* and *Katrina Klett*, Columbia, *for respondent Thompson.*

*Robert T. Strickland* and *R. Lewis Johnson*, Columbia, *for respondent Hamilton.*

Heard Nov. 1, 1994.

Decided Feb. 13, 1995.

CHANDLER, Chief Justice:

This case arises from an automobile accident between cars driven by Respondent Hamilton (Driver 1) and Respondent Thompson (Driver 2). Driver 1 filed a personal injury action against Driver 2. A second action against Driver 2 was filed by Appellant Hollins (Passenger), a passenger in Driver 1's car. A companion case for medical bills was also filed against Driver 2 by Appellant Bobby Hollins Laury, the mother of Passenger. The three actions were subsequently consolidated for trial. Following consolidation, Passenger and Laury amended their complaints to include Driver 1 as an additional party defendant.

## FACTS

Prior to trial, the parties discussed with Trial Court the method by which the peremptory challenges were to be exercised in light of the consolidation. Counsel for Passenger and Laury[1] maintained they should receive four strikes, the remaining four strikes being divided between Driver 2 and Driver 1 as co-defendants. Driver 2 contended that, because he had been sued by both Passenger and Driver 1, he should receive four strikes, the remaining four divided between Passenger and Driver 1. Initially, Driver 1 took the position that he and Driver 2 should have four strikes, the remaining four being awarded to Passenger. Later, however, Driver 1 suggested that the judge compromise and form "an alliance on one side [and] give that side maybe one more strike and take one from the other side."

Trial Court determined that Passenger and Driver 1 should receive five strikes, and that Driver 2 receive three. Driver 1's counsel exercised all five strikes awarded to Passenger and him.

Following jury selection, Passenger objected to Driver 2's peremptory strikes on the grounds that they were exercised in a racially discriminatory manner. Trial Court found Driver 2's strikes were all racially neutral.

In the case of Driver 1 versus Driver 2, the jury found for driver 2. In Passenger's action against both Driver 2 and Driver 1, the jury found for Passenger against Driver 1, but awarded no damages. In Laury's action against Driver 2 and Driver 1 for medical damages, the jury awarded $220 against Driver 1.

## DISCUSSION

Passenger contends Trial Court erroneously allocated the peremptory challenges. He argues that sharing five strikes with Driver 1, a defendant in the action, diluted his peremptory challenges.

This Court has held on three occasions that "the impaneling of a jury is performed in a *side to side* fashion, and it is not each party which is entitled to the statutorily provided number of strikes." *Recco Tape & Label Co., Inc.*

---

[1] For clarity, both Passenger and Laury will be referred to as Passenger.

*v. Barfield*, 439 S.E. (2d) 838 (S.C. Sup. Ct. 1994) (Davis Adv. Sh. No. 1 at 12) (emphasis supplied); *Moore v. Jenkins*, 304 S.C. 544, 405 S.E. (2d) 833 (1991); *In re Percival's Estate*, 108 S.C. 39, 93 S.E. 243 (1917). This rule maintains notwithstanding a party aligned with another as a co-plaintiff or co-defendant is actually adverse to the co-plaintiff or co-defendant. In *Recco Tape & Label Co.*, *supra*, we affirmed the allocation of two strikes for each of two co-defendants even though one co-defendant was added by way of a cross-complaint. Accordingly, each *side* was entitled to *four* challenges pursuant to S.C. Code Ann. § 14-7-1050. We affirm the "side to side" procedure for exercise of peremptory strikes.

Here, the compromise reached by the trial judge awarded Passenger a greater number of strikes than to which he was entitled under the "side to side" method. Accordingly, Passenger suffered no prejudice and has no cause to complain. *Moore, supra.*

Appellant's remaining issue is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Sumpter v. State*, 439 S.E. (2d) 842 (S.C. Sup. Ct. 1994) (Davis Adv. Sh. No. 1 at 23); *State v. Geddis*, 313 S.C. 37, 437 S.E. (2d) 31 (1993); *State v. Green*, 306 S.C. 94, 409 S.E. (2d) 785 (1992); *State v. Johnson*, 302 S.C. 243, 395 S.E. (2d) 167 (1990).

Affirmed.

FINNEY, TOAL, MOORE and WALLER, JJ., concur.