THIS OPINION HAS NO
 PRECEDTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michael Dean
 Thurston, Sr., Appellant.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge
Unpublished Opinion No. 2007-UP-429
Submitted September 1, 2007  Filed
 October 9, 2007  
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant
 Attorney General Henry Dargan McMaster
 Chief Deputy Attorney General John W. McIntosh
 Assistant Deputy Attorney General Salley W. Elliott
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Appellant appeals the trial courts
 rulings that specific testimony given by two separate witnesses was relevant.
 We affirm.[1]
FACTS
Appellant and
 Pamela Thurston were married, but the couple separated on April 30, 2004, when
 Appellant moved out.  On May 2, 2004, Appellant returned to the marital home,
 where Mrs. Thurston continued to reside, to retrieve some items he owned. 
 During Appellants visit to the home, Mrs. Thurston called the police. 
 Appellant left the home by the time the responding officer arrived.  
The
 officer spoke with Mrs. Thurston and found her to be so nervous and upset that
 she was shaking.  Mrs. Thurston told the officer that while leaving, her
 husband told her he was going to kill her and then ran over the gate she was
 standing behind.  The officer inspected the metal gate and found it to be
 twisted.   The officer also spoke with Mrs. Thurstons neighbor who claimed to
 have witnessed the events between Appellant and Mrs. Thurston.  The neighbors
 description of the events corroborated the description given by Mrs. Thurston.
Based
 on these events, Appellant was indicted for assault with intent to kill. 
 Appellant was convicted by a jury of the lesser offense of assault of a high and
 aggravated nature.  Appellant was sentenced to five years imprisonment.   
 
STANDARD OF REVIEW
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  The admission or exclusion of evidence is a matter
 within the sound discretion of the trial court and absent clear abuse, will not
 be disturbed on appeal.  Gamble v. Int'l Paper Realty Corp. of S.C.,
 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).  An abuse of discretion
 occurs when the trial courts ruling is based on an error of law.  State v.
 Horton, 359 S.C. 555, 566, 598 S.E.2d 279, 285 (Ct. App. 2004).  To
 warrant reversal, an appellant must show both error and resulting prejudice.  Recco Tape & Label
 Co., Inc. v. Barfield, 312 S.C. 214, 216, 439 S.E.2d 838, 840 (1994).  The
 determination of the prejudicial effect of the evidence must be based on the
 entire record and the result will generally turn on the facts of each case.  State
 v. Gillian, 373 S.C. 601, 609, 646 S.E.2d 872, 876 (2007).
LAW/ANALYSIS
Relevant
 evidence means evidence having any tendency to make the existence of any fact
 that is of consequence to the determination of the action more probable or less
 probable than it would be without the evidence. Rule 401, SCRE. [E]vidence is relevant if it has a direct bearing
 upon and tends to establish or make more or less probable the matter in
 controversy. State v. Staten, 364 S.C. 7, 36-37, 610 S.E.2d 823, 838
 (Ct. App. 2005).
Appellant appeals the trial courts rulings that
 specific testimony given by two separate witnesses was relevant.   
I.  Mrs. Thurstons
 Testimony
During the solicitors direct examination of Mrs.
 Thurston, she stated she first saw Appellant on the morning of the assault when
 he woke her up.  The solicitor then asked Mrs. Thurston how the Appellant woke
 her up.  Mrs. Thurston responded: I had a bunch of things piled in front of
 the door so I would be awoked [sic] because I was staying up all night because
 I was scared he would come in the middle of the night.  At this point,
 Appellants trial attorney objected.  
Appellant contends
 this testimony was offered to imply Mrs. Thurston had reason to fear him.  In
 support of this contention, Appellant points out additional testimony given by
 Mrs. Thurston, which followed the response quoted above, in which she stated
 the Appellant came in raging and hollering different things.  Appellant
 also points out that the solicitor referred to him as a bully during his
 closing arguments.  However, Appellants trial attorney failed to object to the
 additional testimony or the comments by the solicitor.  To properly preserve
 an issue for review there must be a contemporaneous objection that is ruled upon by the trial court.  State v. Johnson, 363
 S.C. 53, 58, 609 S.E.2d 520, 523 (2005).
 Accordingly, this additional testimony and the solicitors comments are not
 preserved for review. 
The testimony that Appellant
 objected to explained how Mrs. Thurston first encountered the Appellant on the
 day of the assault.  Appellant had not been staying at the home since he and
 Mrs. Thurston separated.  Mrs. Thurston was explaining how Appellant, who did
 not live with her, was able to wake her up by entering her home.  She did not
 say she was scared of Appellant but that she was scared he would come in the middle of the night.  The trial
 court did not abuse its discretion in finding the evidence to be relevant.  The
 testimony, by explaining how Appellants entry into Mrs. Thurstons home had
 awakened her, makes it more probable that he was at her home on the day of the
 assault.                      
II.  Appellants Cross
 Examination
During his cross examination of Appellant, the
 solicitor asked Appellant: Two days before that on April 30th, you had thrown
 your wife around, hadnt you?  Appellant responded: No sir. We had got into
 an argument and I left.  After discussing Appellants weight and stature and
 the weight of Mrs. Thurston, the solicitor states that he would like to talk
 about the argument on the 30th.  At this point, Appellants trial attorney
 objected based on relevancy.  The trial court overruled the relevancy
 objection.  
There
 is no objection in the record to the specific questions or responses the Appellant
 now points out and takes exception with.  The only objection to the testimony
 came almost a full page in the record after Appellant first answered the
 solicitors question about the alleged argument on April 30th and
 almost a full page before the solicitor asked the other questions now
 specifically pointed out by Appellant.  It is well settled
 that an issue cannot be raised for the first time on appeal, but must have been
 raised to and ruled upon by the trial court to be preserved.  Pye v. Estate
 of Fox, 369 S.C. 555, 565, 633 S.E.2d 505, 510 (2006). 
 Furthermore, given that Appellant had already answered the solicitors first
 questions well before Appellants trial attorney objected, there was no
 prejudicial effect from similar questions asked and answered following the
 objection.  Accordingly, we find no error on the part of the trial court on
 this issue.
CONCLUSION
For the reasons
 stated above, the order of the trial court is
AFFIRMED.
STILWELL,
 SHORT, and WILLIAMS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.