## 1716

T. Craig WRIGHT, as Trustee for Clement Cox, Josie Gore, Johnny Strickland, J.J. Gore, and Norman Lovette, Respondent v. Drexel STRICKLAND, Appellant.

(410 S.E. (2d) 596)

Court of Appeals

*W. Ronald Bonds,* of *Bonds & Herdina,* Charleston, *for appellant.*

*O. Terry Beverly,* Conway, *for respondent.*

Heard Oct. 10, 1991; Decided Oct. 28, 1991.

Rehearing Denied Nov. 14, 1991.

SANDERS, Chief Judge:

Respondent T. Craig Wright, as trustee for Clement Cox, Josie Gore, Johnny Strickland, J.J. Gore and Norman Lovette, sued appellant Drexel Strickland on a promissory note. The trial judge granted judgment for Mr. Wright. We affirm.

Mr. Strickland gave the note as consideration for a tobacco lease. The note was originally payable to the order of the lessor, who assigned it to Mr. Wright's predecessor trustee in partial payment of a debt the lessor owed the beneficiaries of the trust. At trial, Mr. Strickland, appearing *pro se*, testified that he had never received "my pounds." "I don't owe nothing," he said, "because I didn't get nothing." In other words, Mr. Strickland argued, in effect, that he should not have to pay the note because he never received the benefit of the tobacco lease. After the trial was over, Mr. Strickland hired a lawyer, who moved to supplement the trial record with testimony from the predecessor trustee, "and possibly other plaintiffs." The trial judge denied the motion and, on the same day, granted judgment for Mr. Wright.

Counsel for Mr. Strickland conceded in oral argument that, unless there is evidence the predecessor trustee had notice of the defense Mr. Strickland raises, Mr. Wright is entitled to judgment on the note. He further conceded that the record, in its current form, contains no such evidence. He argues, however, that the trial judge should have granted his motion to supplement the record.

A trial judge's decision not to reopen a case for additional testimony is a matter within his or her sound discretion, and the decision will not be disturbed on appeal absent an abuse of discretion. *Lites v. Taylor*, 284 S.C. 316, 326 S.E. (2d) 173 (Ct. App. 1985). We find no abuse of discretion under the circumstances. Counsel for Mr. Strickland did not proffer the testimony he seeks to present. Nor did he represent to the Court that the testimony would show knowledge of the defense by the predecessor trustee. Thus, he made no showing that additional testimony would make any difference in the outcome of the case. Apparently, he simply seeks the opportunity to embark on "a fishing expedition."

A second issue raised by Mr. Strickland was abandoned at oral argument.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.