23801

SPINX OIL COMPANY, INC., Respondent-Appellant v. FEDERATED MUTUAL INSURANCE COMPANY, Appellant-Respondent.

(427 S.E. (2d) 649)

Supreme Court

<hr/>

*Bradford W. Wyche* and *J. Theodore Gentry*, both of *Wyche, Burgess, Freeman & Parham, P.A.*, Greenville, *for appellant-respondent.*

*Robert E. Hoskins* and *Paul J. Foster, Jr.*, both of *Foster, Plaxco and Foster*, Greenville, *for respondent-appellant.*

Heard June 2, 1992; Decided Feb. 16, 1993.

Reh. Den. March 23, 1992.

FINNEY, Justice:

Appellant-Respondent Federated Mutual Insurance Com-

pany (Federated) appeals the master-in-equity's final order declaring Federated liable under its policy of insurance for environmental cleanup of pollutants at certain of Respondent-Appellant Spinx Oil Company, Inc.'s, (Spinx Oil) gas station sites. Spinx Oil appeals the master's denial of attorney's fees. We affirm.

Federated provided comprehensive general liability coverage to Spinx Oil from the 1970's until 1984, when Spinx Oil obtained coverage from another insurer. As a result of negotiations between Stewart Spinks, the owner of Spinx Oil, and Tom McGrath, agent of Federated Mutual, Federated resumed general comprehensive liability coverage of Spinx Oil gas station sites from December 31, 1986, until December 31, 1990.

In September of 1989, Spinx Oil sold five gas station sites to British Petroleum Company (BP). When an environmental assessment conducted by BP prior to closing the sale revealed soil and groundwater contamination at each of the five sites, Spinx Oil notified Federated.

On March 6, 1990, Federated denied liability on four of the sites alleging that it had not received notice from Spinks of a pollution incident after the retroactive date as required under the terms of the policy of insurance. Federated asserted the further reason that in their investigation, Spinx Oil personnel had indicated that no pollution incident had occurred since the retroactive date.

Spinx Oil instituted this action seeking a declaration of coverage and attorney's fees. By order dated May 20, 1991, the case was referred to the master with authorization and direction to take all action necessary for entry of final judgment, directly appealable to this Court.

On June 12, 1991, the parties stipulated, *inter alia*, that Federated had issued to Spinx Oil a policy of insurance in which the five sites in question were listed; that environmental contamination was present at all listed sites; that Spinx Oil timely notified Federated of its claims under the policy; and that the cause of contamination at the four contested sites or when such contamination first occurred could not be determined.

During the proceedings before the master, Spinks testified that representations made by McGrath induced him to rein-

sure with Federated, including specific pollution liability coverage and the incentive that if Spinks signed up immediately, no on-site inspection would be required as a prerequisite to coverage. Federated did not refute Spinks' direct testimony through cross-examination and did not offer McGrath as a witness.

On August 9, 1991, the master issued his order finding Federated liable for cleanup coverage of the contested sites. The master concluded that the policy, in and of itself, was not dispositive of the issues under the limited facts and circumstances of the case and made no specific factual or legal findings with regard to contractual issues raised. Based upon the pleadings, exhibits and testimony, the master found that Federated offered Spinks a significant inducement in order to get its business and that Spinks accepted the offer; thus, Federated was bound by the inducements it made. The master found that no evidence had been submitted upon which to base attorney's fees, and declined to award Spinx Oil attorney's fees.

On August 23, 1991, Federated filed a motion for reconsideration, alteration of judgment, or a new trial. On August 26, 1991, Spinx Oil filed a countermotion in which it sought reconsideration of the denial of attorney's fees. The master issued an order on September 23, 1991, in which he denied both motions. This appeal followed.

First, Federated argues that the terms of the insurance policy are not ambiguous, and the master erred in considering parol evidence.

In disallowing coverage, Federated relied upon Policy Endorsement CG-F-9 (7/87), which affords reimbursement to the insured for "clean-up costs" initiated at the "insured site" . . . provided "[t]he insured gives us immediate notice of any actual or suspected 'pollution incident' *that commences on or after the Retroactive date shown in the declarations . . .*" The policy defines "pollution incident" as the "emission, discharge, release or escape of pollutants into or upon land, [or] water, provided that such emission, discharge, release or escape results in 'environmental damage.' "

The master found that the terms of the policy were ambiguous with regard to the facts and circumstances of this case and relied upon evidence reflecting pre-contractual negotiations to discern the intent of the parties. The master made a specific

finding that Federated had waived its right to conduct inspections prior to insuring the sites. Based upon the evidence, the master determined that the sites were deemed clean for insurance purposes at the inception of the policy period and that the parties intended coverage for any pollution discovered and reported during the policy period.

Ambiguous or conflicting terms in an insurance contract should be construed in favor of the insured and strictly construed against the insurer. *Edens v. South Carolina Farm Bureau Mut. Ins. Co.*, 279 S.C. 377, 308 S.E. (2d) 670 (1983), *appeal after remand*, 288 S.C. 435, 343 S.E. (2d) 49 (1986); *Kraft v. Hartford Ins. Companies*, 279 S.C. 257, 305 S.E. (2d) 243 (1983).

With regard to the issue of when the "pollution incident" occurred, the Fourth Circuit Court of Appeals in *Mraz v. Canadian Universal Ins. Co. LTD.*, 804 F. (2d) 1325 (4th Cir. 1986), held that in hazardous waste burial cases, "occurrence" is determined by the point in time leakage and damage were first discovered. We are persuaded that in this situation, the words "commence" and "occur" are synonymous. The *Mraz* Court reasoned:

> Determining exactly when damage begins can be difficult, if not impossible. In such cases, we believe that the better rule is that the occurrence is deemed to take place when the injuries first manifest themselves. Therefore, we hold that in hazardous waste burial cases such as this one, the occurrence is judged by the time at which the leakage and damage are first discovered.

*Id.* at 1328.

In view of the stipulated facts, the remainder of the record, and the circumstances of this case, we affirm the master's construction of the policy of insurance to afford coverage of the contested sites.

Next, Federated contends the master erred in not permitting it to reopen the case for the purpose of presenting additional testimony to refute Spinks' testimony.

Generally, the trial judge is endowed with considerable latitude and discretion in allowing a party to reopen a case. *Wright v. Strickland*, 306 S.C. 187, 410 S.E. (2d)

596 (Ct. App. 1991); *Brown v. La France Industries, a Div. of Riegel Textile Corp.*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985).

Though discovery revealed Spinks among potential witnesses, the record reflects that Federated failed to depose Spinks. Spinks' parol testimony was not contested at trial during cross-examination, nor was McGrath presented as a rebuttal witness. Under these facts, we do not find an abuse of discretion on the part of the master in declining to reopen the case to allow additional testimony.

In its appeal, Spinx Oil asserts that the master erred in failing to award attorney's fees pursuant to S.C. Code Ann. § 38-59-40(1) (Supp. 1991). Spinx Oil contends there is sufficient evidence in the record upon which to base an award of attorney's fees.

Section 38-59-40(1) provides, in pertinent part:

> In the event of a claim, loss, or damage which is covered by a policy of insurance ... and the refusal of the insurer ... to pay the claim within ninety days after a demand has been made by the holder of the policy ... and a finding on suit of the contract made by the trial judge that the refusal was without reasonable cause or in bad faith, the insurer ... is liable to pay the holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer ... The amount of reasonable attorneys fees must be determined by the trial judge ... The amount of the attorneys' fees may not exceed one-third of the amount of the judgment.

As a prerequisite to awarding attorneys' fees, Section 38-59-40(1) requires a finding that the insurer's refusal to honor the claim was without reasonable cause or done in bad faith. The master's order is devoid of such a finding, and reflects that there is no evidence upon which to base an award of attorney's fees.

Accordingly, we affirm the master's order declaring Federated liable under its policy of insurance for environmental clean-up of the sites in controversy. The master's denial of attorney's fees to Spinx Oil is affirmed.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, J.J., concur.