**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES L. HIGGINS, as Assignee of
Robert W. Mitchell,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 96-1489

AMERICAN STATES INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

CHARLES L. HIGGINS, as Assignee of
Robert W. Mitchell,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-1654

AMERICAN STATES INSURANCE
COMPANY,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Patrick Michael Duffy, District Judge.
(CA-94-3498-3-23)

Argued: April 9, 1997

Decided: May 6, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Rolf Mouin Baghdady, Columbia, South Carolina, for Appellant. Andrew Frederick Lindemann, ELLIS, LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this dispute involving insurance coverage, the plaintiff, Charles Higgins, appeals the district court's grant of summary judgment in favor of the defendant, American States Insurance Company (American States), the liability insurance carrier for Robert W. Mitchell, d/b/a Marine Construction (Mitchell). The district court granted American States' motion for summary judgment on the basis that the physical injury to Higgins' boat slips manifested itself outside the coverage period for the American States policy issued to Mitchell and American States was not estopped from denying coverage. We agree with the district court and affirm.

I.

American States issued general liability insurance coverage to Mitchell for a policy period--August 6, 1984, through August 6, 1986. In April 1985, Higgins, the owner and operator of Holland's Landing marina located on Lake Murray in South Carolina, contracted with Mitchell to construct boat slips for Higgins' dock. The construction was completed during the period Mitchell was covered by the American States policy.

During the time Mitchell was building the slips for Higgins, Mitchell contacted American States agent John Brownlee to verify cover-

age. Brownlee told Mitchell that the American States policy would protect Mitchell against any products liability and/or negligent construction claims. Accordingly, Mitchell did not obtain any additional insurance coverage.

On January 7, 1988, snow and ice, which had built up on the roofs of the twenty-four boat slips constructed by Mitchell, caused the boat slip roofs to collapse. As a result of the collapse, Higgins lost $40,800 in rental revenue due to his inability to rent the damaged boat slips, incurred a cost of $12,670 to repair the boats docked in the damaged slips, and had to expend $55,003 in order to construct replacement slips. Accordingly, Higgins brought a negligence action in the Court of Common Pleas for Newberry County against Mitchell. The state court awarded Higgins $108,473 in compensatory damages and an additional $191,526 because Mitchell's conduct was grossly negligent and reckless. American States refused to pay the judgment against Mitchell or even participate in the state court litigation because, according to American States, the boat slip roofs collapsed after the liability insurance policy expired.

Mitchell assigned all his claims against American States to Higgins and Higgins then filed suit against American States in the Court of Common Pleas for Newberry County on December 2, 1994. American States removed the action to the United States District Court for the District of South Carolina. On March 29, 1996, the district court granted summary judgment to American States on the ground that the injury to Higgins' boat slips did not manifest itself until after Mitchell's insurance policy expired. The district court also found that American States was not estopped from denying coverage as a result of Brownlee's statement to Mitchell that the American States policy would protect Mitchell against any products liability and/or negligent construction claims. Higgins appeals the district court's grant of summary judgment.*

_____

*American States cross-appealed, asserting alternative grounds for upholding the district court's grant of summary judgment against Higgins. Because we find the reasoning of the district court persuasive and dispositive of the appeal, we need not address the merits of American States' cross-appeal.

II.

We review the district court's grant of summary judgment de novo. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 928 (4th Cir. 1995). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Mitchell's insurance policy with American States covered, among other things, property damage. The term "property damage" is defined as:

> (1) physical injury to . . . tangible property which occurs during the policy period . . . or
>
> (2) loss of use of tangible property . . . provided such loss of use is caused by an occurrence during the policy period.

(J.A. 132) (emphasis added). In this case, the roofs of the boat slips collapsed on January 7, 1988, whereas Mitchell's coverage under the American States policy terminated on August 6, 1986.

The district court granted summary judgment to American States based on the theory that only property damage occurring during the policy period was covered by the American States policy. In reaching its conclusion, the district court noted that South Carolina has adopted the "manifestation rule" unless the insurance policy clearly dictates otherwise. See Spinx Oil Co., Inc. v. Federated Mut. Ins. Co., 427 S.E.2d 649, 651 (S.C. 1993); Mraz v. Canadian Universal Ins. Co., Ltd., 804 F.2d 1325 (4th Cir. 1986). Under the manifestation rule, "`the time of the occurrence of an accident within the meaning of [the] . . . policy is not the time the wrongful act was committed but the time when the complaining party was actually damaged.'" See id. at 1328 (quoting United States Fidelity & Guar. Co. v. American Ins. Co., 345 N.E.2d 267, 270 (Ind. Ct. App. 1976)). We agree with the district court that, under the manifestation rule, Mitchell was no longer covered by the American States policy when Higgins' boat slip

4

roofs collapsed because the property damage occurred outside the policy period.

Higgins also claims that American States should be estopped from denying coverage under Mitchell's liability insurance policy because of the statement made by Brownlee to Mitchell regarding coverage of the American States policy. The district court concluded that Mitchell's belief that he was covered by American States' policy did not provide a sufficient basis for an equitable estoppel claim by Higgins. Pursuant to South Carolina law, the elements of estoppel are: (1) ignorance of the truth of the matter in question by the party invoking estoppel; (2) a representation by the party estopped of that party's position on the matter; (3) reasonable reliance by the relying party on the estopped party's representation; and (4) a prejudicial change of position. See Provident Life & Accident Ins. Co. v. Driver, 451 S.E.2d 924, 928 (S.C. Ct. App. 1994). Brownlee's statement to Mitchell is of no help to Higgins. Based on the language in the insurance policy --specifically, the definition of "property damage"--it was not reasonable for Mitchell to rely on Brownlee's statement regarding coverage for the conclusion that Mitchell was covered for occurrences taking place beyond the policy period. With that in mind, the district court appropriately rejected Higgins' equitable estoppel claim.

III.

For the reasons set forth above, we affirm the district court's grant of summary judgment to American States.

AFFIRMED

5