659 S.E.2d 167

**BRENCO, a General Partnership, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Petitioner.**

No. 26461.

Supreme Court of South Carolina.

Heard Feb. 5, 2008.

Decided March 24, 2008.

---

John B. McCutcheon, Jr., Mary Ruth M. Baxter, and Arrigo P. Carotti, all of McCutcheon, McCutcheon & Baxter, of Conway, for Petitioner.

Howell V. Bellamy, Jr., and Douglas M. Zayicek, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, PA, of Myrtle Beach, for Respondent.

**PER CURIAM:**

Brenco (respondent) brought suit against the Department of Transportation (petitioner) relating to a deed for the sale of a portion of its property along Highway 501 in Horry County, as well as for inverse condemnation. The master-in-equity found in favor of petitioner with respect to respondent's causes of action for rescission of the deed due to mutual mistake, rescission due to unilateral mistake, negligent misrepresentation, and declaratory judgment. The master took respondent's inverse condemnation claim under advisement but later ruled in favor of petitioner.

The Court of Appeals affirmed the master's ruling on the causes of action related to the deed but reversed the master's decision not to reopen the case and remanded for additional testimony as to damages stemming from inverse condemnation. *Brenco v. S.C. Dept. of Transp.*, 363 S.C. 136, 609 S.E.2d 531 (Ct.App.2005). We granted petitioner's request for certiorari review and now reverse.

## FACTS

Respondent owns property located along Highway 501 in Horry County. The property formerly served as the location of a Brendle's store. In 1998, respondent sold to petitioner, in lieu of condemnation, a small portion of respondent's parking lot in order to build a frontage road as part of an ongoing plan to renovate and widen Highway 501. The negotiations before execution of the deed and the deed itself referenced aspects of petitioner's 1993 plans for the Highway 501 project. As a result of this conveyance, respondent lost direct access to Highway 501 but retained ingress and egress to the frontage road.

The final project was completed pursuant to updated plans drafted by petitioner in 2000—not the 1993 plans referenced in the deed. As part of the change in plans, petitioner also elevated Highway 501 twenty-five feet [1] and reconfigured exit ramps in close proximity to respondent's property in both the eastbound and westbound directions on Highway 501.

---

1. Previously, Highway 501 was twenty-two feet above sea level. The grade elevation brought the highway to a total height of forty-seven feet above sea level..

At trial, the main thrust of respondent's case centered on its cause of action for rescission of the deed. Specifically, respondent alleged petitioner had not been forthcoming during negotiations, and respondent claimed it did not know it would lose direct access to Highway 501. Respondent also argued that petitioner knew the grade of Highway 501 would eventually be elevated but did not disclose that information to respondent before delivery of the deed. Respondent's witnesses who testified as to damages focused on a comparison of the values of the entire property before the 1998 conveyance and the property after Highway 501 was completed pursuant to the 2000 plans.

After ruling on the deed issues, the master advised the parties he was struggling with the issue of damages relating to the inverse condemnation claim. Respondent thereafter moved to reopen the case for the taking of additional testimony as to potential damages stemming from inverse condemnation. The master denied respondent's motion to reopen the case and found in favor of petitioner on the inverse condemnation cause of action.

## ISSUE

Did the Court of Appeals err in finding the master-in-equity abused his discretion by refusing to reopen the case for additional evidence regarding respondent's purported damages due to inverse condemnation?

## ANALYSIS

The decision whether to reopen a record for additional evidence is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *Wright v. Strickland*, 306 S.C. 187, 188, 410 S.E.2d 596, 597 (Ct.App.1991). The trial judge is endowed with considerable latitude and discretion in allowing a party to reopen a case. *Spinx Oil Co., Inc. v. Fed. Mut. Ins. Co.*, 310 S.C. 477, 482, 427 S.E.2d 649, 651 (1993), *overruled on other grounds, Joe Harden Builders, Inc. v. Aetna Cas. and Sur. Co.*, 326 S.C. 231, 486 S.E.2d 89 (1997).

 The Court of Appeals relied on *Wright* in reversing the master. In *Wright,* the Court of Appeals affirmed a trial judge's refusal to reopen the record where the moving party did not proffer any testimony or show that the evidence could make any difference to the outcome of the case. *Wright,* 306 S.C. at 188, 410 S.E.2d at 597. The Court of Appeals distinguished *Wright* from the instant case by noting that respondent attempted to proffer testimony [2] and that the additional testimony would have helped the master. The Court of Appeals also considered that respondent did not learn it needed to establish damages in a different fashion, i.e. apart from damages calculated for the deed claims, until after the master's ruling on the deed issues.

We disagree with the Court of Appeals' reasoning. First, respondent was well aware before trial that petitioner took the position that respondent could not prove damages stemming from the elevation of Highway 501 and the road reconfiguration. Petitioner maintained this view throughout trial and provided expert testimony on the precise issue. Respondent had ample opportunity to present testimony and evidence regarding inverse condemnation damages at trial, but it instead decided to present evidence of damages as if the deed would be rescinded and the property would be valued as it existed prior to any condemnation proceeding. The master did not abuse his discretion by refusing to allow respondent a second opportunity to present its inverse condemnation case after it failed on its other claims. *See Owens v. S.C. State Hwy. Dept.,* 239 S.C. 44, 54, 121 S.E.2d 240, 245 (1961) (landowner has the burden of proving its damages for a taking of its property, whether through condemnation proceedings or inverse condemnation).

The Court of Appeals' citation of *Wright* in its reversal of the master may be read to imply that a trial judge may abuse his discretion by refusing to reopen the record simply because additional testimony is proffered and would make *any* difference to the outcome of the case. This is not the proper standard for reviewing a potential abuse of discretion in

---

**2.** Respondent offered to proffer testimony at the hearing that addressed respondent's motion for reconsideration of the order disposing of the inverse condemnation claim.

regard to post-trial motions to reopen a record. *See Spinx, supra* (no abuse of discretion in declining to reopen the record when party could have provided same evidence at trial). Accordingly, the Court of Appeals erred in remanding the case to the master for the taking of additional testimony.[3]

## CONCLUSION

Notwithstanding that after *Hardin* no inverse condemnation taking has occurred, we hold that the master did not abuse his discretion in refusing to reopen the case. The Court of Appeals opinion is

**REVERSED.**

TOAL, C.J., MOORE, WALLER, PLEICONES, JJ., and Acting Justice J. MICHELLE CHILDS, concur.

---

**3.** Furthermore, in light of our decision in *Hardin v. S.C. Dept. of Transp.*, 371 S.C. 598, 641 S.E.2d 437 (2007), petitioner's actions in this case were not a taking by inverse condemnation.