THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Estate 
 of India B. Hendricks
 
 Carl C.
 Hendricks, Jr., Appellant,
 v.
 William P.
 Hendricks, Individually, and as Joint Personal Representative of the Estate
 of India B. Hendricks, and Carol H. Waters, Individually, and as Joint
 Personal Representative of the Estate of India B. Hendricks, Respondent.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Special Circuit Judge

Unpublished Opinion No.  2008-UP-320
Submitted May 1, 2008  Filed June 25,
2008

AFFIRMED

 
 
 
 Barry L. Johnson and Jason W. Ward, both of Okatie, for Appellant.
 Harley D. Ruff and Carol C. Ruff, both of Beaufort, for Respondents.
 
 
 

PER CURIAM:  In
 this action involving the probate of a will, Carl C. Hendricks (Carl) challenges
 the validity of his mothers will and seeks to set aside the probate of the will. 
 On appeal from the decision of the circuit court affirming the probate court, Carl
 argues the probate court erred in excluding testimony from an expert witness. 
 He also argues the probate court erred in excluding the proffer of an
 incapacitated fact witness and in denying his motion to extend the record.  He further
 contends the probate court erred in denying his motion to exhume his mothers
 body.  We affirm.[1]   
FACTS
On April 23,
 2002, Carls mother, India B. Hendricks (Decedent), passed away in Beaufort County.  Decedent was survived by her three adult children: Carl C. Hendricks,
 Jr., William P. Hendricks, and Carol H. Waters.  On March 24, 1997, Decedent
 executed her last will and testament wherein she appointed Carol and William as
 joint personal representatives of her Estate.  Further, Decedent left $150,000
 to Carl, and instructed that the remainder of the Estate, which Decedent
 estimated was worth approximately $3 million at the time she executed her will,
 be split equally between William and Carol.
After Decedents
 death, William and Carol (collectively the Estate), petitioned the probate
 court to be appointed as the personal representatives of the Estate and
 requested an informal probate of their mothers will.  Thereafter, on December
 19, 2002, Carl petitioned the probate court, challenging the validity of the
 will and seeking to set aside the informal probate of the will.  Specifically,
 Carl believed Decedent suffered from Alzheimers disease and other
 incapacitating mental diseases for a number of years prior to her execution of
 the will.  Carl alleged the will was invalid because Decedent lacked the requisite
 mental capacity when she executed the will.
After extended
 discovery, the parties entered into a scheduling order, which the probate court
 extended several times.  Shortly before trial, Carl wrote the Estate and
 disclosed a new expert, Dr. T. Ray Sherbert (Dr. Sherbert), and provided a copy
 of the experts affidavit.  In response, the Estate filed a motion in limine to
 preclude Dr. Sherbert from testifying as an expert witness, arguing the
 disclosure occurred twelve days prior to trial and more than two months past
 the extended deadline for expert witness disclosure.  The probate court granted
 the Estates motion in limine.  
At trial,
 Carl examined eleven witnesses, including a previously disclosed expert
 witness, Dr. Edward McNeil.  At the conclusion of Carls case, the probate
 court granted the Estates motion for a directed verdict as to Carls claim for
 undue influence.  After the Estate rested, Carl moved to extend the record of
 trial to include the deposition of Eugene Robinson, a proposed witness who was
 hospitalized during the trial and unable to appear on Carls behalf.  After
 receiving a proffer of Robinsons proposed testimony, the probate court denied
 Carls motion to extend the record.  
The probate court found Decedent had the requisite mental capacity
 to execute a valid will and denied Carls motions to extend the record to allow
 testimony from Eugene Robinson and to exhume Decedents body in order to
 perform an autopsy.  The circuit court affirmed the judgment of the probate
 court.  This appeal followed.  
STANDARD OF REVIEW
An
 action to contest a will is an action at law.  In re Estate of Cumbee, 333
 S.C. 664, 670, 511 S.E.2d 390, 393 (Ct. App. 1999).  If a proceeding in the probate
 court is in the nature of an action at law, review by the circuit court and appellate
 court extends merely to the correction of errors of law.  Bob Jones Univ. v. Strandell, 344 S.C. 224, 230, 543 S.E.2d 251, 253 (Ct. App. 2001).  Furthermore,
 the circuit court and appellate court may not disturb the probate courts
 findings of fact unless they are not supported by the evidence.  Cumbee,
 333 S.C. at 670, 511 S.E.2d at 393.  
LAW/ANALYSIS

Carl argues the
 probate courts exclusion of Dr. Sherbert as an expert witness was in error.  Carl
 further contends the exclusion of Dr. Sherberts testimony resulted in
 prejudice.  We disagree.                 
Pursuant to Rule
 33(b) SCRCP, there is a continuing duty on the part of the party from whom
 information is sought to answer a standard interrogatory, such as the one
 requesting the party to list any expert witnesses whom the party proposes to
 use as a witness at the trial of the case.  Bensch v. Davidson, 354 S.C.
 173, 182, 580 S.E.2d 128, 132 (2003).  This requirement of disclosure of
 information before trial is established to avoid surprise and to promote
 decisions on the merits after a full and fair hearing.  Id. at 182, 580
 S.E.2d at 132-33.  When a violation of Rule 33 occurs, the trial court has
 discretion to impose a sanction upon the violating party, such as the exclusion
 of a witness, if warranted.  Id.   In Jumper v. Hawkins, 348 S.C.
 142, 558 S.E.2d 911 (Ct. App. 2001), this court addressed the authority of a
 trial court to exclude the testimony of an expert.  The court in Jumper held the trial court is required to consider and evaluate the following factors
 before imposing the sanction of exclusion of a witness:  

 (1) the
 type of witness involved; (2) the content of the evidence emanating from the
 proffered witness; (3) the nature of the failure or neglect or refusal to
 furnish the witness name; (4) the degree of surprise to the other party,
 including the prior knowledge of the name of the witness; and (5) the prejudice
 to the opposing party. 

Id. at 152, 558 S.E.2d at 916.  
Application of the factors established in Jumper are essential to a determination of abuse of discretion as the sanction of
 exclusion of a witness should never be lightly invoked.  Barnette v. Adams
 Bros. Logging, Inc., 355 S.C. 588, 592, 586 S.E.2d 572, 574 (2003).  In Barnette,
 the South Carolina Supreme Court noted the importance of satisfying the Jumper factors in finding the trial court abused its discretion in excluding expert witnesses
 where there was no specific finding of the factor of prejudice to the opposing
 counsel other than necessity of further discovery and there was no disobedience
 of any order of the court.  Id. at 593, 586 S.E.2d at 575.  Similarly, in Arthur v. Sexton Dental Clinic, this court emphasized the importance of
 the Jumper factors in affirming the trial courts sanction where,
 although not specifically enunciated, the trial court properly considered each
 of the factors.  368 S.C. 326, 628 S.E.2d 894 (Ct. App. 2006).  The Arthur court held the trial court properly excluded the testimony of three expert
 witnesses after making the appropriate inquiry and upon consideration of the
 requisite factors following an in-depth instruction on the Jumper factors from counsel.  Id. at 341, 628 S.E.2d at 902. 
As a
 threshold matter, we note that Carl failed to name Dr. Sherbert as an expert
 witness within the time limits established by the probate courts amended
 scheduling order.  Given Carls failure to comply with the scheduling order,
 the probate court had the discretionary authority to impose the appropriate
 sanctions if warranted.  See Arthur, 368 S.C. at 338, 628 S.E.2d
 at 901.  Thus, the question before this court is whether the probate court
 abused its discretion in excluding Dr. Sherbert as an expert witness.  See id.; see also Jumper, 348 S.C. at 150, 558 S.E.2d at 915
 (internal citation omitted) (stating [t]he decision of whether or not to allow
 a witness to testify who was not previously listed on answers to
 interrogatories rests within the sound discretion of the trial [court].).  
We
 believe the probate court properly considered the factors set forth in Jumper and find the probate court did not abuse its discretion in excluding Dr.
 Sherberts testimony.  The probate court did not lightly invoke its sanction of
 expert witness exclusion.  Rather, it imposed such a sanction after several
 extensions to the scheduling order.  Additionally, the probate court discussed
 each factor in depth in its order granting the Estates motion in limine.  
As
 to the first factor, the probate court noted Carl proposed to use Dr. Sherbert
 as an expert witness at trial.  However, the probate court also outlined Carls
 trial history regarding use of experts such as Dr. Geoffrey R. McKee, a
 forensic psychologist, who was absolutely necessary to [Carls] case; the
 court cited another occasion, where Appellant stated, aside from Dr. Edward
 McNeil, Carl does not now plan to use Dr. McKee as an expert witness.  Under
 the second factor of Jumper, the probate court recognized Dr. Sherberts
 proffered testimony would demonstrate his opinion on Decedents mental and
 physical conditions.[2] 
 In weighing this factor, the probate court stated Dr. Sherberts opinion would
 be based on his review of medical records generated by others, and on his
 consultations with [Carl].  
As to the third
 factor, the probate court considered Carls failure to furnish Dr. Sherberts
 name as a proposed expert witness by noting the prolonged schedule of the trial
 and the prior extensions granted to Carl.  Carl first disclosed Dr. Sherberts name on April 13, 2005, twelve days before trial
 and over two months past the already extended deadline for expert witness
 disclosure.  In addition, the probate court granted Carls motion to extend the
 scheduling order from December 30, 2004, until February 1, 2005.  Moreover,
 Carl had previously indicated he did not plan on using any expert witnesses other
 than Dr. McNeil.  Noting that the time
 for disclosing experts had passed, the probate court stated that allowing Carl
 to proffer Dr. Sherberts testimony would place Respondents with the
 unreasonable burden of choosing either to go to trial inadequately prepared, or
 to request a postponement of a trial that has already been delayed twice over
 their strenuous objections.  The probate court further described the late disclosure
 as last minute under the third factor in Jumper.  
Under
 the fourth factor in Jumper, the probate court noted, [I]t appears that
 the April 13 disclosure of the proposed use of Dr. Sherbert as a witness took [the
 Estate] completely by surprise, thus compounding substantially the prejudice
 factor addressed below.  Finally, the probate court noted Carls late
 furnishing of Dr. Sherberts name as a witness prejudiced the Estate by further
 delaying trial, providing inadequate time for trial preparation, and adding personal
 distress from another protraction of litigation.  
Therefore,
 the probate court properly considered the factors set forth in Jumper in
 its decision to exclude Dr. Sherbert as an expert witness.  Additionally, we
 find no error in the sanction based on Carls conduct.  We further note that
 Carl presented at trial an expert witness, Dr. McNeil, who testified at length.
  Dr. McNeil who, unlike Dr. Sherbert, had a doctor-patient relationship with
 the Decedent, testified that he had no concerns about Decedents mental
 capacity until an event of transient amnesia that lasted only a short duration
 in December 1997 and a diagnosis of progressive dimentia in January 1998.  Again,
 this medical concern arose after the execution of the will. 
Dr.
 Sherbert proffered testimony suggesting the Decedent may have suffered from some
 form of mental condition.  However, Dr. Sherbert testified that he could not
 make this finding without an autopsy.  While we note the relevance of this
 testimony, we nonetheless conclude that the probate court did not abuse its
 discretion in light of the multiple continuances previously granted in this
 case.  We further note that Dr. Sherbert himself indicated that an autopsy by a
 forensic pathologist would be the most definitive means to confirm any
 diagnosis of Alzheimers disease.  While Carl originally designated Dr. McKee,
 a forensic psychologist, to testify, that expert was not able to
 complete a report in time and Carl made the decision to proceed without a
 forensic psychologist.  Carl made a voluntary decision to proceed with
 the testimony of Dr. McNeil only.  Unless Dr. McKee qualifies, it is not clear
 that a forensic pathologist was ever named.  Accordingly, we cannot say
 the probate court abused its discretion; therefore, we affirm the circuit court
 in upholding the ruling of the probate court on this issue.[3]
Next, Carl argues the probate court erred in denying
 his motion to extend the
 record to include the deposition of
 Eugene Robinson.  We find no error. 
The
 decision whether to reopen a record for additional evidence is within the trial
 courts sound discretion and will not be disturbed on appeal absent an abuse of
 that discretion.  Brenco v. South Carolina Dept. of Transp., 659 S.E.2d
 167 (2008); Wright v. Strickland, 306 S.C. 187, 188, 410 S.E.2d 596, 597
 (Ct. App. 1991).  Furthermore, the trial judge is endowed with considerable
 latitude and discretion in allowing a party to reopen a case.  Spinx Oil
 Co., Inc. v. Fed. Mut. Ins. Co., 310 S.C. 477, 482, 427 S.E.2d 649, 651
 (1993), overruled on other grounds, Joe Harden Builders, Inc. v. Aetna Cas. and Sur. Co., 326 S.C. 231, 486 S.E.2d 89 (1997).  
The
 probate court denied Carls request to hold open the trial record so Carl could
 supplement the record with Robinsons deposition.  In so holding, the probate
 court noted Carl, a litigant in the matter, interviewed the witness himself. 
 The probate court described the proffer as the product of a private
 conversation between [Carl] and the prospective witness and with the transcript
 solely prepared by [Carl].  Additionally, the probate court was concerned with
 the manner in which Robinsons proffer was prepared and the obvious number of
 holes in [Carls] case, that [the proffer] conveniently attempts to plug. 
 Furthermore, the probate court stated another concern was that the ultimate
 result of this is to taint this witness prospective testimony.  In
 conclusion, the probate court held the prejudice that could result in such a
 delay is not outweighed by any possible benefit of his testimony.  Based on
 this decision, the probate court denied Carls request to hold open the record
 so it could possibly be supplemented with the deposition of Robinson.  We find
 the probate court did not abuse its discretion in refusing to extend the trial
 after weighing Robinsons proffer with the possible prejudice to the Estate
 pursuant to Rule 403, SCRE.  Accordingly, the circuit court did not err in
 affirming the decision of the probate court.
CONCLUSION
For
 the foregoing reasons, the decision of the circuit court is
AFFIRMED.
WILLIAMS, J.,
 THOMAS, J., and PIEPER, J., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[2] The probate court referred to Carls letter as well
 as Dr. Sherberts letter and affidavit in identifying the content of his
proposed testimony.  
[3] Carl also argues on appeal that the probate court
 erred in denying his motion to exhume Decedents body in order to determine
 Decedents mental capacity at the time she executed her will.  Specifically,
 Carl argues an autopsy of Decedents body would either confirm or discredit Dr.
 Sherberts opinion.  Our decision to affirm the circuit court in affirming the
 probate courts exclusion of Dr. Sherbert as an expert witness is dispositive
 of Carls third issue on appeal.  Therefore, we need not address it on the
 merits.  Even if we were to address the issue, we find it is without merit. 
 The probate court determined Decedents testamentary capacity was established
 by sufficient evidence, and accordingly, the extraordinary measure of
 exhumation and autopsy is unwarranted.  In re Percivals Estate, 101
 S.C. 198, 206, 85 S.E. 247, 248 (1915) ([E]xhumation ought not to be made
 except upon the most serious consideration.).  Furthermore, at issue was
 whether Decedent was of sound mind on March 24, 1997, the date she executed her
will, rather than the date of her death.