THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Melissa
 Dulaney, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Charles M. Dulaney, Appellant.
 
 
 
 
 

Appeal From Charleston County
  Frances  P. Segars-Andrews, Family Court
Judge

Unpublished Opinion No. 2011-UP-227
Heard April 7, 2011  Filed May 18, 2011    

AFFIRMED

 
 
 
 Gregory Samuel Forman, of Charleston, for
 Appellant.
 James B. Richardson, Jr., of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Appellant,
 Charles M. Dulaney (Father), appeals the decision of the family court ordering
 Father to reimburse Melissa Dulaney (Mother) $27,720 for two years of tuition
 at a private school incurred for their child's education.  Father asserts (1)
 the family court erred in allowing Mother to orally amend her rule to show
 cause to seek reimbursement of tuition for both the 2005-2006 and 2006-2007
 school years; (2) the family court erred in finding Father owed Mother back
 tuition, because Father provided substantial evidence the parties had reached an
 agreement otherwise and Father presented substantial evidence the elements of
 equitable estoppel applied; (3) the family court erred in finding the parties'
 e-mails indicated an agreement Father would reimburse Mother for the contested
 tuition payments at a later date because there was no language in the e-mails
 to support such a finding; (4) the family court erred in refusing to reopen the
 case to take further testimony on the issue of Mother's credibility where
 Mother's credibility was critical to Father's arguments regarding his equitable
 estoppel defense and her requested oral amendment, and the court limited Father's
 cross examination of Mother and prohibited cross-examination of Mother's
 counsel on the issue; and (5) he is entitled to an award of fees and costs if
 this court reverses the family court's determination on tuition reimbursement. 
 We affirm.
1.  We find no error in the family
 court allowing Mother to orally amend her pleading.  It is well established
 that a motion to amend is addressed to the sound discretion of the trial judge,
 and that the party opposing the motion has the burden of establishing
 prejudice.  Hardaway Concrete Co. v. Hall Contracting Corp., 374 S.C.
 216, 227, 647 S.E.2d 488, 493-94 (Ct. App. 2007).  Courts have wide latitude in
 allowing amendment of pleadings.  Berry v. McLeod, 328 S.C. 435, 450,
 492 S.E.2d 794, 802 (Ct. App. 1997).  While this power should not be used
 indiscriminately or to prejudice or surprise another party, the court's
 decision to allow an amendment is within its sound discretion, and will rarely
 be disturbed on appeal.  Id.  In considering potential prejudice to the
 opposing party, the court should consider whether that party has had the opportunity
 to prepare for the issue now being formally raised.  Armstrong v. Collins,
 366 S.C. 204, 230, 621 S.E.2d 368, 381 (Ct. App. 2005).  Here, it is clear that
 Father continued to present this equitable estoppel argument to the court in
 regard to both years, and he presented the same evidence in support of this
 argument on the 2005-2006 school year's tuition as he did on the 2006-2007
 school year.  Further, Father does not suggest any additional evidence he could
 have presented but was prevented from presenting by reason of the amendment at
 trial.  Accordingly, we find Father failed to establish prejudice.
2.  We find no merit to Father's
 assertion that the family court erred in determining he owed Mother back
 tuition because he proved his equitable estoppel defense.  In appeals from the
 family court, the appellate court has jurisdiction to find facts in accordance
 with its own view of the preponderance of the evidence.  Dickert v. Dickert,
 387 S.C. 1, 5-6, 691 S.E.2d 448, 450 (2010).  However, this broad scope of
 review does not require the reviewing court to disregard the findings of the
 family court, as appellate courts should be mindful that the family court, who
 saw and heard the witnesses, sits in a better position to evaluate credibility
 and assign comparative weight to the testimony.  Id. at 6, 691 S.E.2d at
 450.  In Strickland v. Strickland, 375 S.C. 76, 650 S.E.2d 465 (2007),
 the court stated the following essential elements of equitable estoppel as
 related to the party being estopped:  (1) conduct which amounts to a false
 representation, or conduct which is calculated to convey the impression that
 the facts are otherwise than, and inconsistent with, those which the party
 subsequently attempts to assert; (2) the intention that such conduct shall be
 acted upon by the other party; and (3) actual or constructive knowledge of the
 real facts; and provided as to the party asserting estoppel it is necessary to
 show:  (1) lack of knowledge, and the means of knowledge, of the truth as to
 the facts in question; (2) reliance upon the conduct of the party estopped; and
 (3) a prejudicial change of position in reliance on the conduct of the party
 being estopped.  Id. at 84-85, 650 S.E.2d at 470.  The court further
 noted equitable estoppel is based on affirmative conduct between the parties.  Id. at 85, 650 S.E.2d at 470.  In looking at the affirmative conduct between the
 parties, the record shows that Mother specifically testified she and Father had
 a financial arrangement for his payment of the tuition, and though they had
 discussed that it would be difficult for him to make the payments when Father
 started law school, that she had communicated with Father in an effort to have
 him pay the tuition, and that Mother informed Father that she understood for
 his first year in law school he "needed to get his feet on the ground,"
 but she still expected him to catch up on the payments in the future.  We find
 the issue of credibility was properly considered by the family court, and the
 court's order implicitly reflects a determination Mother was credible on the
 issue of the parties' agreement concerning the tuition.
3.  In regard to Father's argument
 concerning the family court's finding regarding the e-mails between the
 parties, we first note, as to Father's assertion that the family court erred in
 failing to correct any discrepancy between the court's instructions in its memo
 and the final written order, Father failed to set forth this issue in his
 Statement of the Issues on Appeal.  Because this
 issue was not included in Father's Statement of the Issues on Appeal, we need
 not address this argument on the merits. See Rule 208(b)(1)(B), SCACR ("Ordinarily,
 no point will be considered which is not set forth in the statement of the issues on appeal.").  Moreover, this argument advanced in Father's brief
 makes no reference to any supporting authority.  See Bryson v. Bryson,
 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be
 considered on appeal if the argument is raised in a brief but not supported by
 authority."); see also Glasscock, Inc. v.
 U.S. Fid. & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App.
 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.")  At any rate,
 the family court declined to make this change as requested in Father's motion
 to amend.  Thus, it is clear that the court found the final written order
 properly set forth the court's finding in this regard.  See Doe v.
 Doe, 324 S.C. 492, 501, 478 S.E.2d 854, 859 (Ct. App. 1996) (holding judgments are not final until written and entered, and until
 written and entered, the judge retains discretion to change his mind and amend
 his ruling accordingly).  As to Father's argument that the family court
 erred in finding the e-mails between the parties indicated an agreement that
 Father would reimburse Mother the contested tuition payments at a later date,
 we note a clear reading of the order shows the family
 court found the e-mails between the parties indicate only there may have been an agreement that the parties intended the Father pay the tuition
 later.  Further, the e-mails, together with Mother's testimony that she
 informed Father she expected him to catch up with the tuition at some point in
 time, support this conclusion.  Thus, considering the record as a whole, the
 preponderance of evidence supports the family court's finding in this regard.
4. We find there was no abuse of
 discretion in the family court's refusal to reopen the case to take additional
 testimony.  "The decision whether to reopen a record for additional
 evidence is within the trial court's sound discretion and will not be disturbed
 on appeal absent an abuse of that discretion."  Brenco v. S.C. Dep't of
 Transp., 377 S.C. 124, 127, 659 S.E.2d 167, 169 (2008).  It is well
 established that a trial judge enjoys considerable latitude and discretion in
 deciding whether to allow a party to reopen his case, and this decision will
 not be disturbed on appeal unless the opposing party was prejudiced thereby.  Brown
 v. La France Indus., 286 S.C. 319, 324-25, 333 S.E.2d 348, 351 (Ct. App.
 1985).  A review of the record reveals Father's attorney questioned Mother
 extensively regarding the change made from the amount sought in the initial
 rule to show cause to the lower amount sought in the amended rule to show
 cause.  Thus, Father's attorney was not limited from examining Mother on the
 issue. At any rate, any additional testimony on the matter would have, at best,
 been marginally relevant, and Father suffered no prejudice.  See  Fields
 v. Reg'l.  Med. Ctr. Orangeburg, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509
 (2005) (holding the admission or exclusion of evidence in general is within the
 sound discretion of the trial court, and reversal based on the admission or
 exclusion of evidence is not warranted absent a showing of both error and
 resulting prejudice).  See also State v. Johnson, 338 S.C.
 114, 124-25, 525 S.E.2d 519, 524 (2000) (noting considerable latitude is
 allowed in cross-examination to test a witness's credibility, but a trial court
 may impose reasonable limits on cross-examination based upon concerns about,
 among other things, harassment or interrogation that is repetitive or only
 marginally relevant; an appellate court will not disturb a trial court's ruling
 concerning the scope of cross-examination of a witness to test his or her
 credibility absent a manifest abuse of discretion).
5.  Father contends, should this court
 reverse the finding that he is required to reimburse Mother for the tuition or
 that he is only responsible for the 2006-2007 tuition, the court should grant
 Father all of his fees for defending the rule to show cause, or should remand
 the matter back to the family court for an award of fees.  Thus, this issue is
 contingent upon this court's reversal on the award of tuition reimbursement.  Because
 we do not find the family court's decision on reimbursement of tuition should
 be reversed, there is no basis to reverse or remand on the issue of attorney's
 fees and costs.
For the foregoing reasons,
 the order of the family court is
AFFIRMED.
FEW, C.J., and HUFF and
 PIEPER, JJ., concur.