**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Donald Swink, Jr., Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2016-002391

Appeal From Lexington County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2017-UP-430
Submitted October 1, 2017 – Filed November 15, 2017

**AFFIRMED**

John Clark Phillips, Jr., of Law Office of John C. Phillips, Jr., of Columbia, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

**PER CURIAM:** Donald Swink, Jr. appeals a family court order granting a motion to have him entered in the Central Registry of Child Abuse and Neglect. Swink argues the family court erred in (1) finding he did not request a hearing in the

matter, (2) allowing the South Carolina Department of Social Services (SCDSS) to reopen its case after both parties had rested, and (3) disregarding the preponderance of the evidence on the question of whether he harmed a child for whom he was a parent, guardian, or other person responsible for that child's welfare.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in finding Swink did not request a hearing in the matter: *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the [family] court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."); *Brown v. Stewart*, 348 S.C. 33, 51, 557 S.E.2d 676, 686 (Ct. App. 2001) ("To warrant reversal, the appellant 'must show both the error of the ruling and resulting prejudice.'" (quoting *Recco Tape & Label Co. v. Barfield*, 312 S.C. 214, 216, 439 S.E.2d 838, 840 (1994))).

2.  As to whether the family court erred in permitting SCDSS to reopen its case-in-chief: *Brenco v. S.C. Dep't of Transp.*, 377 S.C. 124, 127, 659 S.E.2d 167, 169 (2008) (per curiam) ("The decision whether to reopen a record for additional evidence is within the [family] court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion.").[1]

3.  As to the whether the preponderance of the evidence supported the family court's finding that Swink harmed a child for whom he was a parent, guardian, or other person responsible for that child's welfare: S.C. Code Ann. § 63-7-20(6)(b) (Supp. 2017) ("'Child abuse or neglect' or 'harm' occurs when the parent, guardian, or other person responsible for the child's welfare: . . . commits . . . a sexual offense as defined by the laws of this State . . . .); *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence.  However, this broad scope of review does not require [the

---

[1] Furthermore, Swink's arguments that he would have cross-examined the investigator and presented his own witnesses are not preserved for appellate review.  *See Feldman v. Feldman*, 380 S.C. 538, 545, 670 S.E.2d 669, 672 (Ct. App. 2008) ("In South Carolina for an issue to be preserved for appellate review it must be raised to and ruled upon by the [family] court."); *id.* (stating a motion to alter or amend is mandatory to preserve for appellate review an issue that was raised to but not ruled upon by the family court).

appellate court] to disregard the findings of the family court." (citation omitted)); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651–52 (2011) (stating our de novo standard of review "does not relieve an appellant from demonstrating error in the [family] court's findings of fact"); *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009) (indicating construction of ambiguous language is a question of fact to be decided by the trier of fact).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.