**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Yolanda Shatten, Appellant.

Appellate Case No. 2019-000825

———————

Appeal From Richland County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-439
Submitted October 1, 2021 – Filed December 8, 2021

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Yolanda Shatten appeals her convictions for two counts of forgery and one count of unauthorized practice of law. The trial court sentenced

Shatten to five years' imprisonment suspended to five years' probation terminable upon payment of restitution. On appeal, Shatten argues the trial court abused its discretion by refusing to reopen the record to admit a document Shatten wished to use to impeach the credibility of the State's witness.

Because Shatten could have moved to admit the document during cross-examination of the State's witness if she had brought the document to trial, the trial court did not abuse its discretion in refusing to reopen the record to admit it. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Brenco v. S.C. Dep't of Transp.*, 377 S.C. 124, 127, 659 S.E.2d 167, 169 (2008) ("The decision whether to reopen a record for additional evidence is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Spinx Oil Co., Inc. v. Federated Mut. Ins. Co.*, 310 S.C. 477, 482, 427 S.E.2d 649, 651 (1993) (explaining no abuse of discretion in declining to reopen the record when party could have provided the same evidence at trial) *overruled on other grounds by Joe Harden Builders, Inc. v. Aetna Cas. and Sur. Co.,* 326 S.C. 231, 486 S.E.2d 89 (1997).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.